## SUN COAST MERCHANDISE CORP. and Dilip Bhavnani, Plaintiff– Cross Appellants,

v.

## CCL PRODUCTS ENTERPRISES, INC., CCL Creative Ltd., CCL Products, Ltd., and C.C. & L. Company, Ltd., Defendants–Appellants.

### No. 05–1173, 05–1216.

United States Court of Appeals, Federal Circuit.

May 2, 2005.

Before LOURIE, GAJARSA, and LINN, Circuit Judges.

### ORDER

Order Vacated, See 2005 WL 1413390.

CCL Products Enterprises, Inc. et al. (CCL) move to dismiss these appeals for lack of a final judgment disposing of all claims for relief. CCL states that Sun Coast Merchandise Corp. and Dilip Bhavnani (Sun Coast) do not oppose.

CCL states that the district court did not expressly dispose of Sun Coast's request for a declaratory judgment of invalidity in its judgment. Thus, CCL argues that there is no appealable final judgment. *Pause Tech. LLC v. Tivo, Inc.*, 401 F.3d 1290 (Fed.Cir.2005) (no final judgment when the district court does not enter judgment on a counterclaim for a declaratory judgment of invalidity). CCL re-

quests that the allow the case to be reinstated, as provided in *Pause Tech.*, if within 30 days of the date of this order, the parties appeal from a final judgment on the entire case or obtain a Fed. R.Civ.P. 54(b) certification.

Upon consideration thereof,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted.

(2) These appeals will be reinstated under the same docket numbers, without the payment of additional filing fees, if within 30 days of the date of filing of this order, the parties appeal from a final judgment on the entire case or obtain a Fed.R.Civ.P. 54(b) certification. Within 21 days of such reinstatement of the appeals, CCL Products must file its corrected opening brief. If new appeals are filed after 30 days, then new docket numbers will be assigned and the fees must be paid.