**KEMIN FOODS, L.C., and the Catholic University of America, Plaintiffs–Appellees,**

v.

**PIGMENTOS VEGETALES DEL CENTRO S.A. DE C.V., Defendant–Appellant.**

No. 05–1295.

United States Court of Appeals, Federal Circuit.

May 2, 2005.

Before LOURIE, GAJARSA, and LINN, Circuit Judges.

LOURIE, Circuit Judge.

*ORDER*

Kemin Foods L.C. et al. move to dismiss Pigmentos Vegetales Del Centro S.A. De C.V. appeal because it is from a nonfinal order and for an award of costs and attorney fees related to preparation of the motion to dismiss. Pigmentos opposes. Kemin replies.

Kemin sued Pigmentos for infringement of two patents. Pigmentos filed unfair competition and antitrust counterclaims. The district court bifurcated the parties' respective claims for purposes of discovery and trial. The patent claims have been tried. A jury returned a verdict that neither patent was invalid and that one of the patents was infringed and the other not infringed. On February 8, 2005, the district court denied the parties' post-trial motions for judgment as a matter of law on the issues that were tried and determined that there had been no inequitable conduct. No final judgment has been entered in this case pursuant to Fed.R.Civ.P. 58 and various motions, including Kemin's motion for a permanent injunction, along with Pigmentos's counterclaims remain pending. Nonetheless, on March 9, 2005, Pigmentos filed a notice of appeal seeking review of the district court's February 8, 2005 order. On April 1, 2005, the district court held a hearing on Kemin's pending motions, including its motion for a permanent injunction.

Kemin states that the district court will likely certify "its February 8, 2005, Order on Post Trial Motions as well as its upcoming decisions on request for permanent injunction, the motion to clarify, and the motion for attorney's fees" pursuant to Fed.R.Civ.P. 54(b). Thus, Kemin asserts that "even if [the notice of appeal] was premature," Kemin's motion to dismiss should be denied because Rule 54(b) certification may be forthcoming. We cannot accept this argument.* Pigmentos filed an

* We also reject Pigmentos's assertion that Kemin violated Fed. Cir. R. 27(f) by filing the motion to dismiss outside of its brief. Pig-

mentos misapprehends the rule as it only applies when the appellant has already filed a brief. We note that both parties have violated

appeal from a non-final order in a case where a motion for a permanent injunction and counterclaims remain pending. Under these circumstances, the appeal was premature as there are still substantive issues for the district court to resolve. *See Pause Technology, LLC v. Tivo Inc.*, 401 F.3d 1290, 1294 (Fed.Cir.2005) (stating that "a pending counterclaim precludes jurisdiction absent certification under Rule 54(b)"); *Nystrom v. TREX Company, Inc.*, 339 F.3d 1347, 1350 (Fed.Cir.2003) (quoting Supreme Court precedent for the proposition that a final judgment ends the litigation on the merits and leaves nothing for the district court to do but execute judgment); *cf. Spraytex v. DJS & T*, 96 F.3d 1377, 1382 (where two cases were consolidated, holding that trial court's order disposing of one action did not dispose of entire case and, thus, appeal was not proper absent "final judgment disposing of all aspects of the consolidated case").

Because there was no entry of a Fed. R.Civ.P. 54(b) judgment, and because counterclaims and a motion for a permanent injunction, among other things, remain pending, there is no final judgment and thus we have no jurisdiction over this appeal. Therefore, the motion to dismiss is granted.

Accordingly,

IT IS ORDERED THAT:

(1) Kemin's motion to dismiss is granted.

(2) Kemin's motion for costs and attorney fees is denied.

Fed. Cir. R. 47.6 by citing nonprecedential opinions in their motion papers. The parties are admonished not to violate the court's rule in the future.