# United States Court of Appeals for the Federal Circuit

04-1570

ENZO BIOCHEM, INC.,

Plaintiff-Appellant,

v.

GEN-PROBE INCORPORATED,

Defendant-Appellee,

and

BECTON DICKINSON AND COMPANY,

Defendant-Appellee.


Charles A. Weiss, Kenyon & Kenyon, of New York, New York, argued for plaintiff-appellant. With him on the brief were Richard L. DeLucia, John R. Kenny and Patrice P. Jean. Of counsel were Anita Pamintuan Fusco and Henry N. Wixon.

William F. Lee, Wilmer Cutler Pickering Hale and Dorr LLP, of Boston, Massachusetts, argued for defendants-appellees. With him on the brief for Gen-Probe Incorporated were William G. McElwain and Nina S. Tallon. Of counsel was Henry N. Wixon. On the brief for Becton Dickinson and Company were Donald R. Ware, Barbara A. Fiacco, and Katherine J. Fick, Foley Hoag LLP, of Boston, Massachusetts. Of counsel were Denise W. DeFranco and Lauren T. Knapp.

Appealed from: United States District Court for the Southern District of New York

Judge Alvin K. Hellerstein

# United States Court of Appeals for the Federal Circuit

04-1570

ENZO BIOCHEM, INC.,

Plaintiff-Appellant,

v.

GEN-PROBE, INCORPORATED,

Defendant-Appellee,

and

BECTON DICKINSON AND COMPANY,

Defendant-Appellee.

_____

DECIDED:  July 13, 2005
_____

Before LOURIE, LINN, and PROST, Circuit Judges.

LOURIE, Circuit Judge.

Enzo Biochem, Inc. ("Enzo") appeals from the summary judgment of the United States District Court for the Southern District of New York holding, on the motion of Gen-Probe, Incorporated and Becton Dickinson and Company (collectively, "Gen-Probe"), that United States Patent 4,900,659 is invalid under the on-sale bar of 35 U.S.C. § 102(b).  Enzo Biochem, Inc. v. Gen-Probe, Inc., No. 99 Civ. 3548 (S.D.N.Y. July 27, 2004) ("Order").  Because Gen-Probe's unenforceability counterclaim remains unadjudicated in the district court, the present appeal is not from a final decision within

the meaning of 28 U.S.C. § 1295(a)(1). Therefore, this court lacks jurisdiction and we dismiss the instant appeal subject to reinstatement under the conditions set forth herein below.

BACKGROUND

Enzo is the assignee of the '659 patent, which relates to nucleic acid probes that selectively hybridize to the bacteria that cause gonorrhea, namely, <u>Neisseria gonorrhoeae</u>, as well as methods for using those probes to detect the bacteria. Enzo returns to this court seeking review of the district court's decision following remand of its prior appeal focusing on the written description requirement of 35 U.S.C. § 112. <u>See</u> <u>Enzo Biochem, Inc. v. Gen-Probe Inc.</u>, 296 F.3d 1316 (Fed. Cir. 2002). Upon remand, the district court considered Gen-Probe's motion for summary judgment of invalidity on different grounds, including the on-sale bar of § 102(b).

In a detailed oral hearing conducted on July 27, 2004, the district court delivered its decision invalidating the '659 patent for violating the on-sale bar. The trial judge specifically held that "there are no triable issues of fact," and he granted defendants' motion for summary judgment. <u>Enzo Biochem, Inc. v. Gen-Probe, Inc.</u>, No. 99 Civ. 3548, at 34 (S.D.N.Y. July 27, 2004) ("Summary Judgment Hearing"). He made it clear that his rulings affected all six claims of the patent and held them invalid. <u>Id.</u>

Importantly, the trial judge concluded the hearing by asking the parties "if there is anything that I have missed in my rulings that I should rule upon." <u>Id.</u> Both counsel responded that the court had covered all the issues raised, and Enzo's counsel indicated that it would appeal the decision. <u>Id.</u> at 34-35. The judge then stated that he would "enter a summary order . . . that will enable you to proceed with dispatch in the

Federal Court of Appeals on your rights if I have erred." Id. at 35. On July 29, 2004, the clerk of the district court entered judgment under Federal Rule of Civil Procedure 58 holding that all claims of the '659 patent were invalid and that "the case was closed."

Enzo filed a Notice of Appeal on August 20, 2004. Gen-Probe then moved to dismiss the appeal, arguing that its remaining unadjudicated counterclaim of unenforceability for inequitable conduct rendered the district court's judgment nonfinal.

DISCUSSION

Our first order of business on this appeal is the question of finality, and hence our own jurisdiction. "Whether this court has jurisdiction over an appeal taken from a district court is a question of law which we address in the first instance." Pause Tech. LLC v. TiVo Inc., 401 F.3d 1290, 1292 (Fed. Cir. 2005). "[E]very federal appellate court has a special obligation to satisfy itself . . . of its own jurisdiction . . . ." Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986) (internal quotation omitted). We have specifically stated that "we are obligated to consider whether there is a final judgment of the district court." Pandrol USA, LP v. Airboss Ry. Prods., 320 F.3d 1354, 1362 (Fed. Cir. 2003). Under the final judgment rule, parties may appeal only a "final decision of a district court." 28 U.S.C. § 1295(a)(1) (2000). That final judgment rule exists to prevent the piecemeal litigation of issues that practically constitute a single controversy, which as separate appeals would otherwise frustrate efficient judicial administration, see Firestone Tire & Rubber Co. v. Risjord, 449 U.S. 368, 374 (1981); Cobbledick v. United States, 309 U.S. 323, 325 (1940); Nystrom v. TREX Co., 339 F.3d 1347, 1350 (Fed. Cir. 2003). The Supreme Court has defined a final judgment as a decision by a district court

that "ends the litigation on the merits and leaves nothing to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945).

Recently, we had occasion to review an appeal with a similar jurisdictional defect, Pause Technology LLC v. TiVo Inc. The issue there was whether an unresolved counterclaim still pending in the district court renders a judgment nonfinal and thus prevents this court from properly exercising jurisdiction over the appeal. In that case, we stated that, although "[t]here are cases in which the Supreme Court found appellate jurisdiction despite an alleged technical defect in the judgment . . . none of those cases deals with a circumstance in which a claim or counterclaim remains unadjudicated." 401 F.3d at 1295. Furthermore, we stated that those cases "also do not stand for the proposition that an appellate court can deem remaining claims impliedly dismissed." Id.

In the present case, Gen-Probe argues that there was no final judgment in this case, and indeed, there was no adjudication of Gen-Probe's unenforceability counterclaim, nor has Gen-Probe agreed to a dismissal without prejudice or without a finding of mootness. The district court also did not expressly find that the counterclaim was moot in light of its summary judgment of invalidity. Clearly, Gen-Probe's counterclaim that Enzo's '659 patent is unenforceable remains unadjudicated.

Nevertheless, Enzo alleges that the appeal is still ripe essentially for two principal reasons. First, it argues that Gen-Probe did not bring the pending counterclaim to the district judge's attention when asked whether any issues were outstanding. Enzo contends that the district court believed that the judgment was final, as evidenced by its statements during the summary judgment hearing and the unequivocal direction to the clerk of the court to enter an order closing the case. Second, Enzo asserts that Gen-

04-1570                                        4

Probe's counterclaim for unenforceability is moot because all claims of the patent were held invalid. It argues that the allegations of inequitable conduct would be relevant only to a claim for attorney fees, which Enzo maintains does not render a judgment on the merits nonfinal for appellate review under Federal Rule of Civil Procedure 58(c). Regardless, Enzo contends, Gen-Probe did not timely move for attorney fees, so it waived any such claim, and its unenforceability counterclaim is therefore moot.

Gen-Probe responds that the district court's belief that the judgment was final is irrelevant to whether jurisdiction is satisfied. It argues that the district court's pronouncement that an order is final for purposes of appellate jurisdiction is not itself conclusive of finality, and it alleges that the district court had no occasion to address the counterclaim during the summary judgment hearing, which focused on invalidity. Gen-Probe also argues that it must yet prevail on the issue of inequitable conduct in order to be eligible for attorney fees on that basis, so that the counterclaim is not moot. It alleges that there was no final judgment entitling Gen-Probe to bring a motion for attorney fees, so that Gen-Probe did not have the opportunity to raise its counterclaim to the attention of the district court. Moreover, it asserts that the responses by Gen-Probe's counsel to the district court's inquiry concerning whether all issues had been resolved do not unambiguously refer to the case as a whole, including the outstanding counterclaims. Gen-Probe asserted at oral argument in this court that its answer to the district court was in the more specific context of the summary judgment hearings; the affirmative statement by its counsel came at the end of a hearing on invalidity lasting several days and was not intended to waive its unenforceability counterclaim.

We agree with Gen-Probe that its pending unenforceability counterclaim renders the district court's judgment nonfinal for purposes of appeal. Enzo argues that "[n]o form of words is necessary to evince the rendition of a judgment," United States v. F. & M. Schaefer Brewing Co., 356 U.S. 227, 232 (1958) (citation omitted), and that "[w]hat essentially is required is some clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as it is concerned, is the end of the case," Pandrol, 320 F.3d at 1362-63 (quoting Fiataruolo v. United States, 8 F.3d 930, 937 (2d Cir. 1993)). Enzo argues that that occurred here. Although it is true that the district court here did make a clear statement that the case was at an end, it was mistaken, because an unadjudicated counterclaim remained. Gen-Probe's brief to this court, supported by the record, and unrefuted by Enzo, makes that clear. While it is, to say the least, regrettable that a party with a remaining counterclaim that it wishes to pursue, as well as its opponent, leaves a trial judge with the impression that no claims remain in the case, we have no choice but to take cognizance of the nonfinality created by the unquestioned existence of that counterclaim.

In Pandrol, we were faced with a different posture on appeal, wherein the district court had expressly determined that the defendants had waived their defenses and, in effect, had waived their counterclaims relating to patent invalidity as well. Id. at 1362. Indeed, we stated that the district court, "after having held that the defendants had waived the issue of patent invalidity, evinced a clear intent to resolve or dispose of all claims and end the case." Id. at 1363 (emphasis added). Here, in contrast, although the district court may have indicated its intent that its order "will enable you to proceed with dispatch in the Federal Court of Appeals," Summary Judgment Hearing at 35, it did

not address at any time Gen-Probe's unresolved counterclaim of unenforceability. At no time was the counterclaim waived, and, whether through inadvertence or not, the parties should not have let the trial court conclude its deliberations under that false impression. Because Gen-Probe's counterclaim remains unadjudicated, the judgment is nonfinal.

We also disagree with Enzo that the only issue remaining is Gen-Probe's claim for attorney fees. Enzo's argument under Federal Rule of Civil Procedure 58(c) that a pending motion for attorney fees will not render an otherwise final judgment unappealable, is relevant only when all other claims have been adjudicated. More litigation lay ahead than awarding fees. To be eligible for attorney fees on the basis of inequitable conduct, Gen-Probe still has to establish that Enzo actually engaged in such conduct, an issue that remains unresolved in the district court.

Despite the jurisdictional defect in the instant appeal, we have held that "a premature notice of appeal ripens upon subsequent action of the district court," Pause, 401 F.3d at 1295 (citing E-Pass Techs., Inc. v. 3Com Corp., 343 F.3d 1364, 1367 (Fed. Cir. 2003) and Storage Tech. Corp. v. Cisco Sys., Inc., 329 F.3d 823, 830 (Fed. Cir. 2003)). Accordingly, inasmuch as the appeal has been briefed and argued on the merits, in the interest of judicial economy we grant Enzo leave to seek remedial action in the district court and thereafter reinstate the appeal if and when the judgment becomes final.

## CONCLUSION

For the aforementioned reasons, we dismiss the instant appeal for lack of jurisdiction. A party may appeal from the entry of a final judgment in the entire case by

the district court without payment of an additional filing fee if the appeal is filed within thirty days of the date of this opinion.  If so filed, the case will be reinstated and decided on the merits by the present panel, based on the parties' briefs already filed and the June 7, 2005 oral argument.

<u>DISMISSED</u>

COSTS

Costs to Appellant.