Phillip IGBINADOLOR,
Plaintiff/Counterclaim
Defendant–Appellant,

v.

SONY ELECTRONICS, INC., Sony Corporation of America, and Tivo, Inc.,
Defendants/Counterclaimants–Appellees,

and

Clarion Corporation of America,
Defendant–Appellee,

and

JVC Americas Corp.,
Defendant/Counterclaimant–Appellee,

and

Philips Consumer Electronics Company
and Philips Magnavox, Defendants.

No. 05–1554.

United States Court of Appeals,
Federal Circuit.

Feb. 10, 2006.

Before RADER, SCHALL, and PROST,
Circuit Judges.

## ORDER

SCHALL, Circuit Judge.

Phillip Igbinadolor responds to the court's order directing him to show cause why his appeal should not be dismissed as premature.

Igbinadolor brought suit against Sony Electronics, Inc. and Sony Corporation of America (Sony), TiVo, Inc., Clarion Corporation of America, and JVC Americas Corp. for patent and trademark infringement. Sony, TiVo, and JVC filed counterclaims. The United States District Court for the Eastern District of New York granted Sony, TiVo, Clarion, and JVC's motions for summary judgment of noninfringement, and Igbinadolor appealed. Because it appeared that the district court had not yet entered final judgment and invalidity counterclaims were pending before the district court, we directed Igbinadolor to show cause why his appeal should not be dismissed as premature.

In response, Igbinadolor argues that the court should not dismiss because the district court's order granting summary judgment did not "mention any schedule of hearings contemplated by the Court" and that "[i]t can reasonably be concluded that the decision was accepted as final by all parties."

"A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States,* 324 U.S. 229, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945). Because counterclaims remain pending, the district court's decision is not final and Igbinadolor's appeal is premature. *See Pause Technology, LLC v. TiVo Inc.,* 401 F.3d 1290, 1294 (Fed.Cir.2005) (stating that "a pending counterclaim precludes jurisdiction absent certification under Rule 54(b)").

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) All sides shall bear their own costs.