KWIK PRODUCTS, INC.,
Plaintiff/Counterclaim
Defendant–Appellant,

and

Fernando R. Iacona and Ignazio
M. Iacona, Counterclaim
Defendants–Appellees,

v.

NATIONAL EXPRESS, INC., CMD
Products, George E. Alliss, Alex J.
Phinn, Jr., and Griff and Associates,
L.P., Defendants/Counterclaimants–
Appellees,

and

Torvian, Inc.,
Defendant/Counterclaimant–Cross
Appellant.

No. 05–1319, 05–1343.

United States Court of Appeals,
Federal Circuit.

March 13, 2006.

Before MICHEL, Chief Judge, MAYER and LOURIE, Circuit Judges.

PER CURIAM.

Kwik Products, Inc. ("Kwik") appeals from the judgment of the United States District Court for the Southern District of New York of noninfringement of United States Patent 5,896,666 in favor of National Express, Inc., CMD Products, George E. Alliss, Alex J. Phinn, Jr. and Griff and Associates, L.P., and Torvian, Inc (collectively "Torvian"). *Kwik Prod., Inc. v. Nat'l Express, Inc.,* No. 03–9291, slip op. at 1 (S.D.N.Y. Feb. 24, 2005) (*"Judgment"*). Torvian cross-appeals from the judgment of the district court in favor of Kwik that the '666 patent is valid. *Id.* Because the district court did not adjudicate Torvian's unenforceability counterclaim, the present appeal is not from a final decision within the meaning of 28 U.S.C. § 1295(a)(1). Therefore, this court lacks jurisdiction and we *dismiss* the instant appeal subject to reinstatement under the conditions set forth hereinbelow.

BACKGROUND

Kwik is the assignee of the '666 patent, which relates to vegetation trimmer heads, cutting heads that are part of outdoor power tools used to cut grass, weeds, and other vegetation. Torvian commercially markets the Grass Gator "Load n' Cut," a vegetation trimmer apparatus. On November 21, 2003, Kwik brought suit

against Torvian, alleging infringement of claims 1, 2, and 15 of the '666 patent, and filed an amended complaint on April 28, 2004. In its May 28, 2004, answer to the amended complaint, Torvian asserted a single counterclaim for a declaratory judgment of invalidity and unenforceability of claims 1–10 and 15–19 of the '666 patent.

The case was tried to the district court without a jury in October 2004. It is undisputed that Torvian did not put in evidence on the issue of inequitable conduct during trial. At the conclusion of trial, the district court entered a judgment dismissing Kwik's claims for patent infringement and dismissing Torvian's "counterclaim for invalidity." *Judgment*, slip op. at 1.

Kwik filed a Notice of Appeal on March 18, 2005, and Torvian filed a Notice of Appeal on March 25, 2005.

## DISCUSSION

Our first order of business in this appeal is the question of finality, and hence our own jurisdiction. "Whether this court has jurisdiction over an appeal taken from a district court is a question of law which we address in the first instance." *Pause Tech. LLC v. TiVo Inc.*, 401 F.3d 1290, 1292 (Fed.Cir.2005). "[E]very federal appellate court has a special obligation to satisfy itself ... of its own jurisdiction...." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986) (internal quotation omitted). We have specifically stated that "we are obligated to consider whether there is a final judgment of the district court." *Pandrol USA, LP v. Airboss Ry. Prods.*, 320 F.3d 1354, 1362 (Fed. Cir.2003). Under the final judgment rule, a party may appeal only a "final decision of a district court." 28 U.S.C. § 1295(a)(1) (2000). Further, the Supreme Court has defined a final judgment as a decision by a

district court that "ends the litigation on the merits and leaves nothing to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945).

We reviewed an appeal with a jurisdictional defect in *Enzo Biochem, Inc. v. Gen–Probe, Inc.*, 414 F.3d 1376 (Fed.Cir. 2005). The issue there was whether an unresolved counterclaim still pending in the district court renders a judgment nonfinal even if the district court subjectively believed that the "case was closed." *Id.* at 1378. In that case, we stated:

> Although it is true that the district court here did make a clear statement that the case was at an end, it was mistaken, because an unadjudicated counterclaim remained.... While it is, to say the least, regrettable that a party with a remaining counterclaim that it wishes to pursue, as well as its opponent, leaves a trial judge with the impression that no claims remain in the case, we have no choice but to take cognizance of the nonfinality created by the unquestioned existence of that counterclaim.

*Id.* at 1380. We therefore dismissed that appeal for lack of jurisdiction. *Id.*

Here, there was no adjudication of the unenforceability portion of Torvian's counterclaim, and thus the district court's judgment was nonfinal for purposes of an appeal. Although the district court issued a judgment dismissing the "counterclaim on validity," that language does not refer to all aspects of the counterclaim, including Torvian's assertion of unenforceability. Moreover, while the district court judge was aware that Torvian did not present any evidence on inequitable conduct, there is nothing in the record to suggest that the judge evinced a clear intent to resolve or dispose of the unenforceability counterclaim. Because the district court did not adjudicate Torvian's unenforceability counterclaim, the judgment is nonfinal.

Despite the jurisdictional defect in the instant appeal, we have held that "a premature notice of appeal ripens upon subsequent action of the district court," *Pause,* 401 F.3d at 1295 (citing *E–Pass Techs., Inc. v. 3Com Corp.,* 343 F.3d 1364, 1367 (Fed.Cir.2003) and *Storage Tech. Corp. v. Cisco Sys., Inc.,* 329 F.3d 823, 830 (Fed. Cir.2003)). Accordingly, inasmuch as the appeal has been briefed and argued on the merits, while we dismiss the appeal, in the interest of judicial economy we grant the parties leave to seek remedial action in the district court and thereafter reinstate the appeal if and when the judgment becomes final.

## CONCLUSION

For the aforementioned reasons, we dismiss the instant appeal for lack of jurisdiction. A party may appeal from the entry of a final judgment by the district court without payment of an additional filing fee if the appeal is filed within thirty days of the date of this opinion. If so filed, the case will be reinstated and decided on the merits by the present panel, based on the parties' briefs already filed and the March 8, 2006 oral argument.

## COSTS

No costs.