NOTE:  Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

05-1510

REVOLUTION EYEWEAR, INC.,

Plaintiff/Counterclaim Defendant-
Appellant,

and

GARY MARTIN ZELMAN,

Counterclaim Defendant,

v.

ASPEX EYEWEAR, INC. and NONU IFERGAN,

Defendants/Counterclaimants-
Appellees.

———————————————

DECIDED:  May 12, 2006

———————————————

Before SCHALL, <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and PROST,
<u>Circuit Judge</u>.

SCHALL, <u>Circuit Judge</u>.

DECISION

Revolution Eyewear, Inc. ("Revolution") appeals the decision of the United States District Court for the Central District of California awarding Aspex Eyewear, Inc. ("Aspex") attorney's fees in the amount of $256,108.14 pursuant to 35 U.S.C. § 285. Revolution Eyewear, Inc. v. Aspex Eyewear, Inc., No. 03-5965 (C.D. Cal. May 2, 2005) ("Attorney's Fees Decision").  We dismiss for lack of jurisdiction.

DISCUSSION

I.

On August 21, 2003, Revolution sued Aspex in the Central District of California for infringement of U.S. Patent No. 6,550,913 B2 ("the '913 patent"), which relates to auxiliary eyeglasses.  In response, Aspex filed counterclaims of declaratory judgment that it does not infringe the '913 patent, that the '913 patent is invalid, and that the '913 patent is unenforceable due to inequitable conduct during prosecution of the patent.

In due course, Aspex moved for partial summary judgment that all six claims of the '913 patent were invalid as anticipated and unenforceable due to inequitable conduct.  On March 7, 2005, the district court granted summary judgment in favor of Aspex that claims 1-6 of the '913 patent were invalid as anticipated.  Revolution Eyewear, Inc. v. Aspex Eyewear, Inc., No. 03-5965 (C.D. Cal. Mar. 7, 2005).  The court then explained that Aspex's counterclaim for unenforceability due to inequitable conduct was moot.  Id., slip. op. at 20.  On March 18, 2005, the district court issued its judgment invalidating the '913 patent and dismissing Aspex's counterclaims of infringement and unenforceability without prejudice as moot.  Revolution Eyewear, Inc. v. Aspex

Eyewear, Inc., No. 03-5965 (C.D. Cal. Mar. 18, 2005).  On March 23, 2005, Revolution filed its notice of appeal of the summary judgment decision.

On April 5, 2005, Aspex moved for attorney's fees.  On May 2, 2005, the district court found inequitable conduct in the prosecution of the '913 patent and granted Aspex's motion for attorney's fees.  Attorney's Fees Decision.  On July 1, 2005, the district court awarded Aspex attorney's fees of $256,108.14 with interest.  Revolution Eyewear, Inc. v. Aspex Eyewear, Inc., No. 03-5965 (C.D. Cal. July 1, 2005).  The court declared that "[t]he judgment entered on March 18, 2005 is amended nunc pro tunc to reflect the Court's award."  Id., slip op. at 15.  Revolution then filed its notice of appeal of the attorney's fees decision.

On March 30, 2006, this court vacated the decision of the district court holding the claims of the '913 patent invalid and remanded the case to the district court for further proceedings.  Revolution Eyewear, Inc. v. Aspex Eyewear, Inc., No. 05-1329, 2006 U.S. App. LEXIS 7935 (Fed. Cir. Mar. 30, 2006) ("Revolution I").  The mandate issued to the district court on April 20, 2006.

II.

For the following reasons, we dismiss Revolution's appeal for lack of jurisdiction.

We review as a matter of law the issue of our jurisdiction, even if it is not raised by the parties.  See Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541 (1986); Pandrol USA, LP v. Airboss Ry. Prods., Inc., 320 F.3d 1354, 1362 (Fed. Cir. 2003). This court has jurisdiction over a final decision of a district court pursuant to 28 U.S.C. § 1295(a)(1) ("The United States Court of Appeals for the Federal Circuit shall have exclusive jurisdiction. . . of an appeal from a final decision of a district court . . . ."

05-1510                                    3

(emphasis added)). A "final judgment" is one that "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" Nystrom v. Trex Co., 339 F.3d 1347, 1350 (Fed. Cir. 2003) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)); see also Pause Tech. LLC v. TiVo Inc., 401 F.3d 1290, 1292-94 (Fed. Cir. 2005) (recognizing that this court did not have jurisdiction over an appeal because an invalidity counterclaim remained pending before the district court and there had not been a certification under Federal Rule of Civil Procedure 54(b)). "If a case is not fully adjudicated as to all claims for all parties and there is no express determination that there is no just reason for delay or express direction for entry of judgment as to fewer than all of the parties or claims, there is no 'final decision' under 28 U.S.C. § 1295(a)(1) and therefore no jurisdiction." Nystrom, 339 F.3d at 1350.

There is no final judgment in this case. In view of this court's March 30, 2006 decision in Revolution I, and in view of the issuance of the mandate on April 20, 2006, there is no longer a final judgment in the district court because validity and infringement are still pending there. Both Revolution and Aspex argue that the court has jurisdiction over this appeal because there is a final judgment by reason of the district court's finding of inequitable conduct. Contrary to the parties' arguments, however, there is no final judgment. That is because a finding of inequitable conduct is not a judgment of unenforceability, and no judgment of unenforceability has been entered in this case.

The district court's July 1, 2005 decision amending its March 18, 2005 decision nunc pro tunc to reflect its award of attorney's fees does not alter this result. Nunc pro tunc applies to an earlier decision when the court intended then to do what it did later. See United States v. Sumner, 226 F.3d 1005, 1009-10 (9th Cir. 2000). That is not what

happened here. On March 18, 2005, it was the intent of the district court to dismiss the counterclaim of unenforceability. The district court's statement of <u>nunc pro tunc</u> on July 1, 2005, only amended the March 18, 2005 decision to add an award of attorney's fees.

Further, even if there had been a judgment of inequitable conduct, as opposed to a finding, there would still not be a final judgment in this case because, in view of this court's March 30, 2006 decision vacating the judgment of invalidity and remanding the invalidity and infringement issues, <u>see</u> <u>Revolution I</u>, non-adjudicated claims remain before the district court. There is no final judgment in this case because those claims are pending before the district court.

III.

For the foregoing reasons, we dismiss this case for lack of jurisdiction because there is no final judgment. The district court currently has before it Revolution's claim of infringement, Aspex's counterclaim of invalidity, and Aspex's affirmative defenses. If, on remand, Aspex chooses to pursue its counterclaims of noninfringement and unenforceability, the district court should reinstate those counterclaims. After hearing from the parties, the court may proceed, as appropriate, to adjudicate one or more of the several matters before it. The parties should bear in mind that this court will only have jurisdiction over any future appeal if there has been a final judgment on all claims or if there has been an entry of judgment on less than all of the claims pursuant to Federal Rule of Civil Procedure 54(b).[1]

Each party shall bear its own costs.

---

[1] Alternatively, non-adjudicated claims may be dismissed without prejudice. <u>See</u> <u>Nystrom</u>, 339 F.3d at 1351 n.*.

05-1510　　　　　　　　　　　　　　5