NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2008-1104

ARMAMENT SYSTEMS AND PROCEDURES, INC.,

Plaintiff-Appellant,

v.

IQ HONG KONG LIMITED, ZEN DESIGN GROUP LIMITED, and SUN YU,

Defendants-Appellees,

and

EMISSIVE ENERGY CORP., VECTOR PRODUCTS, INC. (doing business as Vector Manufacturing Ltd.), GENERAL PARTS, INC. (doing business as Carquest Auto Parts of West Allis Wisconsin), CARQUEST MANAGEMENT SERVICES, INC., MILLS FLEET FARM, INC., NORTHLAND FISHING TACKLE, INC., TARGET CORPORATION, and TEAM PRODUCTS INTERNATIONAL, INC.,

Defendants-Appellees,

and

JSA, INC. (doing business as Excell Marketing LLC),

Defendant-Appellee,

and

HARRIET CARTER GIFTS INCORPORATED and BANDWAGON INCORPORATED,

Defendants-Appellees,

and

C CRANE COMPANY, INC.,

Defendant-Appellee.

ON MOTION

Before PROST, <u>Circuit Judge</u>, FRIEDMAN, <u>Senior Circuit Judge</u>, and MOORE, <u>Circuit Judge</u>.

PROST, <u>Circuit Judge</u>.

O R D E R

IQ Hong Kong Limited et al. (IQHK) and Emissive Energy Corp. et al. (Emissive) move to dismiss Armament Systems and Procedures, Inc.'s (ASP) appeal of the July 24, 2007 and October 12, 2007 orders of the United States District Court for the District of Connecticut in <u>Armament Sys. and Procedures, Inc. v. IQ Hong Kong Ltd.</u>, No. 00-CV-1257. ASP opposes. IQHK and Emissive reply.

In the district court, ASP filed four actions. <u>Armament Sys. and Procedures, Inc. v. IQ Hong Kong Ltd.</u>, No. 00-CV-1257, <u>Armament Sys. and Procedures, Inc. v. Emissive Energy Corp.</u>, No. 01-CV-179, <u>Armament Sys. and Procedures, Inc. v. Vector Prods., Inc.</u>, No. 01-CV-1122, and <u>Armament Sys. and Procedures, Inc. v. Target Corp.</u>, No. 03-CV-937. The district court consolidated these cases for purposes of claim construction and challenges to validity. After conducting a bench trial, the district court issued a memorandum decision and order stating that ASP's patent is unenforceable. The district court also dismissed ASP's infringement claims. Subsequently, ASP and IQHK filed a stipulation of dismissal with respect to ASP's trademark claims. On October 5, 2007, Emissive filed a motion to amend or correct its counterclaims seeking to dismiss its unfair competition counterclaims. The district court took note of this

2008-1104                                                     2

submission in its October 12, 2007 order denying ASP's motion for a new trial, but has not entered an order explicitly dismissing those counterclaims.

IQHK and Emissive state that these cases involved claims by ASP of patent infringement, trade dress infringement, trademark infringement, trademark dilution, unfair competition against the various defendants. IQHK and Emissive state that in 00-1257, IQHK filed counterclaims seeking declarations that the patent is invalid and/or not infringed and unenforceable. In 01-179, Emissive filed counterclaims seeking declarations that the patent is invalid and unenforceable, and sought damages for unfair competition. In 01-1122, Vector Products, Inc. asserted counterclaims seeking declarations that the patent is invalid, unenforceable, and not infringed.

IQHK and Emissive contend that there are pending claims and counterclaims before the district court and thus the appeal is premature. ASP concedes that it filed its notice of appeal before all claims and counterclaims were adjudicated; however, ASP states that the trademark claims and unfair competition counterclaims have since "been disposed of as a practical matter." ASP requests that this court remand to the district court for entry of final judgment pursuant to Fed. R. Civ. P. 58.

Even if ASP is correct that the district court has disposed of the trademark claims and Emissive's unfair competition counterclaims, which we do not decide, there are still several claims and counterclaims pending before the district court. The district court has not entered judgment with respect to the invalidity counterclaims filed by IQHK, Emissive and Vector and the noninfringement counterclaims filed by IQHK and Vector. In addition, ASP's trade dress and unfair competition claims are still pending before the district court. Because there are pending claims and counterclaims, there is no final

judgment and this appeal is premature.  See Pause Technology, LLC v. Tivo Inc., 401 F.3d 1290, 1294 (Fed. Cir. 2005) (stating that "a pending counterclaim precludes jurisdiction absent certification under Rule 54(b)"); Nystrom v. Trex Co., 339 F.3d 1347, 1350 (Fed. Cir. 2003) ("If a case is not fully adjudicated as to all claims for all parties and there is no express determination that there is no just reason for delay or express direction for entry of judgment as to fewer than all of the parties or claims, there is no final decision under 28 U.S.C. § 1295 (a)(1) and therefore no jurisdiction").  Thus, we dismiss.  ASP may, of course, file a notice of appeal after the district court disposes of the pending claims and counterclaims and enters final judgment.

Accordingly,

IT IS ORDERED THAT:

(1)     The motion to dismiss is granted.

(2)     Each side shall bear its own costs.

(3)     The revised official caption is reflected above.

FOR THE COURT

_____March 7, 2008_____                  /s/ Sharon Prost_____
         Date                            Sharon Prost
                                         Circuit Judge

cc:     Steven E. Feldman, Esq.
        Maurice E. Gauthier, Esq.
        Mark R. Kramer, Esq.
        Jonathan H. Margolies, Esq.
        Mark A. Cantor, Esq.
        John R. Petitjean, Esq.

s17

ISSUED AS A MANDATE: _____March 7, 2008_____

2008-1104                    4