NOTE: This order is nonprecedential

# United States Court of Appeals for the Federal Circuit

2009-1104

FRANK BAIAMONTE,

Appellant,

v.

John E. Potter, POSTMASTER GENERAL,

Appellee.

Appeal from the United States Postal Service Board of Contract Appeals in nos. 5297, 5324, and 5332, Administrative Judge David I. Brochstein.

ON MOTION

Before GAJARSA, FRIEDMAN, and LINN, Circuit Judges.

PER CURIAM.

## O R D E R

The Postmaster General moves to waive the requirements of Fed. Cir. R. 27(f) and to dismiss Frank Baiamonte's appeal from the United States Postal Service Board of Contract Appeals decisions in case nos. 5297, 5324, and 5334 for lack of jurisdiction. Baiamonte opposes.

Baiamonte filed cases with the Board seeking review of the United States Postal Service's decision to terminate his mail delivery contract for default and to deny him access to the mail. On April 11, 2008, addressing consolidated case nos. 5297 and 5324, the Board denied Baiamonte's appeal regarding the termination of a contract for default and found that the Postal Service was entitled to recover costs associated with replacing Baiamonte after the termination. On July 29, the Board denied Baiamonte's

motion for reconsideration. In case no. 5332, the Postal Service moved to dismiss Baiamonte's five claims for payment based on the Postal Service's decision denying him access to the mail. The Board granted the motion with respect to four of the claims, but retained jurisdiction to continue to decide the remaining claim. Baiamonte filed a notice of appeal of the Board's three decisions on December 8, 2008.

With respect to the Board's decisions in case nos. 5297 and 5324, the Postal Service argues that the court lacks jurisdiction because Baiamonte did not timely file his notice of appeal with the court. The Board issued its decision on July 29, 2008 and Baiamonte did not file his notice of appeal until December 8, 2009, or 132 days later. Although there is nothing in the record indicating the exact date Baiamonte received the decision, Baiamonte stated in his notice of appeal that he received the decision within 7 days of its issuance.

Any appeal from a Board decision must be received by the court within 120 days after the date of receipt of the Board decision. 41 U.S.C. § 6107(g)(1)(A); Fed. R. App. P. 15(a). The time limit for filing a notice of appeal is jurisdictional. See Bowles v. Russell, 551 U.S. 205 (2007) (timely filing of notice of appeal in civil case is jurisdictional requirement); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) ("It is well settled that the requirement of a timely notice of appeal is 'mandatory and jurisdictional.' " (citation omitted)). Because Baiamonte's notice of appeal was at best filed 125 days after he received the Board decision, the appeal regarding case nos. 5297 and 5324 must be dismissed as untimely filed.

The Postal Service also argues that the court lacks jurisdiction over Baiamonte's appeal of the Board's decision in case no. 5332 because there is a pending claim

before the Board, and thus any appeal is premature. Because there is a pending claim, there is no final judgment in case no. 5332 and the appeal as to that case is premature. See Pause Technology, LLC v. Tivo Inc., 401 F.3d 1290, 1294 (Fed. Cir. 2005) (stating that "a pending counterclaim precludes jurisdiction"); Nystrom v. Trex Co., 339 F.3d 1347, 1350 (Fed. Cir. 2003) ("If a case is not fully adjudicated as to all claims for all parties and there is no express determination that there is no just reason for delay or express direction for entry of judgment as to fewer than all of the parties or claims, there is no final decision under 28 U.S.C. § 1295(a)(1) and therefore no jurisdiction").

Thus, we grant the motion to dismiss.*

Accordingly,

IT IS ORDERED THAT:

(1)   The Postmaster General's motions are granted. The appeal is dismissed.

(2)   Each side shall bear its own costs.

FOR THE COURT

MAY - 5 2009
_____
Date

/s/ Jan Horbaly
_____
Jan Horbaly
Clerk
FOR THE COURT

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAY - 5 2009

JAN HORBALY
CLERK

cc:   Frank Baiamonte
      Kenneth D. Woodrow, Esq.
s20

MAY - 5 2009

ISSUED AS A MANDATE: _____

_____

* If the Board issues an adverse final decision in case no. 5332 at a later date, Baiamonte may thereafter seek review of that decision, if appropriate and timely filed.

2009-1104                                    3