ON MOTION
PROST, Circuit Judge.

ORDER

Munchkin Inc. (Munchkin) and Luv n’ care Ltd. (Luv) move to dismiss Cool Baby, Inc.’s (Cool Baby) appeal for lack of jurisdiction and request attorney fees. Cool Baby opposes. Munchkin and Luv reply.
Cool Baby filed suit against Munchkin and Luv alleging patent infringement. Both Munchkin and Luv filed counterclaims for declaratory judgments of noninfringement and invalidity and filed motions for summary judgment based on noninfringment and invalidity. Subsequently, the district court granted Munchkin and Luv’s motions for summary judgment of noninfringement and entered a judgment. Coot Baby then appealed to this court. The district court stated that because it granted summary judgment of noninfringement, it “declines to address the issue of patent invalidity.” However, at the end of the same order, the district court stated that it granted summary judgment on noninfringement and invalidity, although it did not decide invalidity.
Munchkin and Luv contend that there are pending counterclaims before the district court and thus the appeal is premature. Cool Baby concedes that the district court did not specifically address invalidity in its order granting summary judgment. However, Cool Baby asserts that the district court impliedly granted summary judgment on invalidity. Cool Baby requests that this court remand to the district court so that it may provide a more detailed analysis in granting summary judgment on invalidity.
Although the district court’s order is not entirely clear, we determine that the district court did not grant Munchkin and Luv’s motions for summary judgment on invalidity and that their invalidity counterclaims are pending. Because there are pending counterclaims, there is no final judgment and this appeal is premature. See Pause Tech., LLC v. TiVo Inc., 401 F.3d 1290, 1294 (Fed.Cir.2005) (stating that “a pending counterclaim precludes jurisdiction absent certification under Rule 54(b)”); Nystrom v. TREX Co., 339 F.3d 1347, 1350 (Fed.Cir.2003) (“If a case is not fully adjudicated as to all claims for all parties and there is no express determination that there is no just reason for delay or express direction for entry of judgment as to fewer than all of the parties or claims, there is no ‘final decision’ under 28 U.S.C. § 1295(a)(1) and therefore no jurisdiction.”) Thus, we dismiss. Cool Baby may, of course, file a notice of appeal after the district court disposes of all claims and enters final judgment.
Accordingly,
IT IS ORDERED THAT:
(1) The motion to dismiss is granted.
(2) Munchkin and Luv’s request for attorney fees is denied.
(2) Each side shall bear its own costs.