NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**MOMENTA PHARMACEUTICALS, INC.,**
*Plaintiff-Appellant,*

AND

**SANDOZ INC.,**
*Plaintiff-Appellant,*

v.

**AMPHASTAR PHARMACEUTICALS, INC., INTERNATIONAL MEDICATION SYSTEMS, LTD., ACTAVIS, INC. (formerly known as Watson Pharmaceuticals, Inc.), AND WATSON PHARMA, INC.,**
*Defendants-Appellees.*

_____

2013-1579

_____

Appeal from the United States District Court for the District of Massachusetts in No. 11-CV-11681, Judge Nathaniel M. Gorton.

_____

**ON MOTION**

_____

Before NEWMAN, PROST, and REYNA, *Circuit Judges.*

REYNA, *Circuit Judge.*

## O R D E R

Momenta Pharmaceuticals, Inc. and Sandoz Inc. (collectively "Momenta") move without opposition to stay proceedings pending the district court's entry of final judgment. We, however, consider whether the appeal must be dismissed for lack of jurisdiction.

Momenta appeals a district court order granting Amphastar Pharmaceuticals, Inc. et al.'s motion for summary judgment of non-infringement. Momenta's motion for a finding of contempt and sanctions is still pending with the district court.

As Momenta itself concedes, its appeal is premature because no final judgment has issued. Pursuant to *Pause Technology LLC v. TiVo Inc.*, 401 F.3d 1290, 1295 (Fed. Cir. 2005), this appeal is dismissed for lack of jurisdiction, subject to reinstatement under the same docket number without the payment of an additional filing fee if, within 60 days of the date of this order, the district court enters a final judgment and, within 30 days of entry of judgment, Momenta files another notice of appeal.

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed for lack of jurisdiction, subject to reinstatement under the same docket number without the payment of an additional filing fee if, within 60 days of the date of this order, the district court enters final judgment and within 30 days of entry of judgment Momenta files another notice of appeal.

(2) All pending motions are denied as moot.

(3) Each side shall bear its own costs.

3                    MOMENTA PHARMACEUTICALS  V. AMPHASTAR
                                              PHARMACEUTICALS


FOR THE COURT


/s/  Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s26