NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

MISCELLANEOUS DOCKET NO. 892

IN RE ENZO BIOCHEM, INC., ENZO LIFE SCIENCES, INC.,
and YALE UNIVERSITY,

Petitioners.

On Writ of Mandamus from the United States District Court for the District of
Connecticut in case no. 3:04-CV-929, Judge Janet Bond Arterton.

---------------------------------------------------------------------------------------

2008-1058

ENZO BIOCHEM, INC., ENZO LIFE SCIENCES, INC.,
and YALE UNIVERSITY,

Plaintiffs-Appellants,

v.

APPLERA CORP. and TROPIX, INC.,

Defendants-Appellees.

Appeal from the United States District Court for the District of Connecticut in
case no. 3:04-CV-929, Judge Janet Bond Arterton.

ON PETITION FOR WRIT OF MANDAMUS

Before GAJARSA, LINN, and PROST, <u>Circuit Judges</u>.

PROST, <u>Circuit Judge</u>.

## O R D E R

Enzo Biochem, Inc. et al. (Enzo) petition for a writ of mandamus to direct the

United States District Court for the District of Connecticut to enter final judgment.

Alternatively, Enzo requests that the court recall the mandate in <u>Enzo Biochem, Inc. v.</u>

Applera Corp., no. 2008-1058, reinstate that appeal, and set a briefing schedule. Applera Corp. et al. (Applera) oppose.

Enzo sued Applera for infringement of six patents. Applera counterclaimed for noninfringement and invalidity of all six patents. On the parties' stipulation, the district court dismissed all claims and counterclaims with respect to two of the patents. The district court later entered summary judgment of invalidity with respect to three of the patents. In its ruling, the district court stated, "Plaintiffs [Enzo et al.] no longer press their claims related to Patent No. 4,711,955 (" '955 Patent") [the final patent in suit]." The district court did not rule on Applera's counterclaims directed to the '955 patent and directed the clerk to close the case. The clerk closed the case and issued a document entitled "JUDGMENT" on September 10, 2007. Enzo filed a notice of appeal. However, Enzo subsequently filed a motion to voluntarily dismiss the appeal. The motion was granted by the clerk of this court and the appeal, no. 2008-1058, was dismissed on January 30, 2008.

Enzo then filed a motion for entry of final judgment in the district court. On November 24, 2008 the district court denied the motion. The district court reasoned that its September 10, 2007 decision was a final judgment. The district court stated that because it found invalid all of the patent claims on which Enzo continued to press its infringement allegations, it was not necessary to rule on Applera's noninfringement counterclaims. With respect to the '955 patent, the district court stated that Enzo had effectively withdrawn its infringement claims and this "obviate[ed] the need for any judicial determination."

Enzo states that it voluntarily dismissed appeal no. 2008-1058 because it believed that the district court's September 10, 2007 decision was not a final judgment. Enzo states that it has now stipulated that it will not sue Applera for infringement arising from activities or products with respect to the '955 patent occurring on or before May 4, 2008 and argues that this "thereby moot[s] the counterclaims directed to this patent."

Applera argues that the district court's September 10, 2007 decision reflected the district court's clear intention to end the case and, pursuant to this court's decision in Pandrol USA, LP v. Airboss Railway Prods., Inc., 320 F.3d 1354, 1362-63 (Fed. Cir. 2003), that is sufficient to render that decision a final judgment. With respect to the '955 patent, Applera argues that the district court "clearly declared that the '955 patent was no longer at issue before entering judgment."

The remedy of mandamus is available only in extraordinary situations to correct a clear abuse of discretion or usurpation of judicial power. In re Calmar, Inc., 854 F.2d 461, 464 (Fed. Cir. 1988). A party seeking a writ bears the burden of proving that it has no other means of attaining the relief desired, Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980).

"A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). "A pending counterclaim precludes jurisdiction absent certification under Rule 54(b)". See Pause Technology, LLC v. Tivo Inc., 401 F.3d 1290, 1294 (Fed. Cir. 2005); see also Nystrom v. Trex Co., 339 F.3d 1347, 1350 (Fed. Cir. 2003) ("If a case is not fully adjudicated as to all claims for all parties and there is no

express determination that there is no just reason for delay or express direction for entry of judgment as to fewer than all of the parties or claims, there is no final decision under 28 U.S.C. § 1295 (a)(1) and therefore no jurisdiction").

In this case, the district court's September 10, 2007 order did not dispose of Applera's invalidity counterclaim concerning the '955 patent. Although the district court noted that Enzo was no longer pressing its infringement claim concerning that patent, the district court made no ruling concerning invalidity of the '955 patent claims. Thus, this case is unlike Pandrol. In Pandrol, the district court ruled that the defendants had waived their counterclaims. See Pandrol, 320 F.3d at 1357 ("[t]he district court . . . found that the defendants had waived their affirmative defenses and counterclaims by not raising them during briefing or cross-motions for summary judgment"). In contrast, in this case the district court did not enter any ruling concerning the counterclaim of invalidity of the '955 patent. As there has been no express ruling concerning that counterclaim, it remains pending. Because that counterclaim remains pending, the court determines that Enzo has met its burden of showing a clear and indisputable right to issuance of a writ. The court does not decide whether Enzo is correct that its stipulation not to sue Applera concerning the '955 patent moots Applera's counterclaims directed to that patent. The district court should resolve that issue in the first instance.

Accordingly,

IT IS ORDERED THAT:

(1)     The petition for a writ of mandamus is granted to the extent that the district court is directed to reopen the case, enter a ruling on Applera's counterclaim for invalidity of the '955 patent, and, after ruling on that counterclaim, enter final judgment.

(2)     Enzo's alternative request that the court recall the mandate in <u>Enzo Biochem, Inc. v. Applera Corp.</u>, no. 2008-1058, reinstate that appeal, and set a briefing schedule is denied.

                                        FOR THE COURT


____Feb. 6, 2009____                    /s/ Jan Horbaly_____
          Date                          Jan Horbaly
                                        Clerk

cc:     L. Gene Spears, Esq.
        Nicholas Groombridge, Esq.
        Judge, USDC, D. Conn.
        Clerk, USDC, D. Conn.

s17

Misc. 892, 2008-1058                    5