NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PROVERIS SCIENTIFIC CORPORATION (FORMERLY KNOWN AS IMAGE THERM ENGINEERING, INC.),**
*Plaintiff-Appellee,*

v.

**INNOVASYSTEMS, INC.,**
*Defendant-Appellant.*

---

2011-1043

---

Appeal from the United States District Court for the District of Massachusetts in case no. 05-CV-12424, Judge William G. Young.

---

## ON MOTION

---

Before GAJARSA, MAYER, and PROST, *Circuit Judges.*

GAJARSA, *Circuit Judge.*

## ORDER

Proveris Scientific Corporation moves to dismiss Innovasystems, Inc.'s appeal. Innovasystems opposes. Proveris replies.

In May of 2007, the United States District Court for the District of Massachusetts entered final judgment against Innovasystems for infringement of a Proveris patent. As part of the judgment, the district court entered a permanent injunction prohibiting Innovasystems from "making, using, selling, offering, for sale or importing into or exporting out of the United States" its infringing products. On March 3, 2010, Proveris filed a motion for contempt asserting that Innovasystems violated the injunction. The court determined that it would first rule on the issue of liability for contempt and then, if necessary, consider the issue of sanctions. Subsequently, the district court found Innovasystems to be in contempt. Innovasystems appealed that order to this court.

Proveris asserts that because the district court has not yet adjudicated the issue of sanctions, the district court's order is not final and the present appeal is premature. We agree with Proveris that Innovasystems' appeal is premature because there is no final disposition regarding sanctions. Pursuant to 28 U.S.C. § 1295(a)(1), we have jurisdiction over a final decision of a district court. A final decision is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Nystrom v. Trex Co.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003). Thus, this appeal is premature and must be dismissed.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted. Any other pending motions are moot.

3

(2) Each side shall bear its own costs.

FOR THE COURT

MAY 2 7 2011
Date

/s/ Jan Horbaly
Jan Horbaly
Clerk

cc: Victor H. Polk, Jr., Esq.
Timothy J. Szuhaj, Esq.
John J. Waters

s20

Issued As A Mandate:  MAY 2 7 2011

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

MAY 2 7 2011

JAN HORBALY
CLERK