Ron NYSTROM, Plaintiff–Appellant,

v.

TREX COMPANY, INC. and Trex
Company, LLC, Defendants–
Appellees.

No. 03–1092.

United States Court of Appeals,
Federal Circuit.

DECIDED: Aug. 8, 2003.

Joseph S. Presta, Nixon & Vanderhye, P.C., of Arlington, VA, argued for plaintiff-appellant.

Patrick J. Coyne, Finnegan, Henderson, Farabow, Garrett & Dunner, L.L.P., of Washington, DC, argued for defendants-appellees. With him on the brief was Troy E. Grabow.

Before MAYER, Chief Judge, GAJARSA, and LINN, Circuit Judges.

Opinion for the Court by Circuit Judge LINN. Concurring opinion by Chief Judge MAYER.

LINN, Circuit Judge.

Ron Nystrom ("Nystrom") appeals from a judgment of invalidity of certain claims and non-infringement of all claims of his U.S. Patent No. 5,474,831 ("the '831 patent") and an order denying sanctions under 28 U.S.C. § 1927, entered by the United States District Court for the Eastern District of Virginia on October 17, 2002, in favor of the defendants (collectively, "TREX"). *Nystrom v. TREX, Inc.*, No. 2:01cv905 (E.D.Va. Oct. 25, 2002). Because TREX's invalidity and unenforceability counterclaim as to claims 1–17 remains pending at the district court, the judgment appealed is not final within the meaning of 28 U.S.C. § 1295(a)(1). Therefore, the court dismisses the appeal for lack of jurisdiction.

## I. BACKGROUND

On December 5, 2001, Nystrom filed suit in the Eastern District of Virginia against TREX alleging infringement of the '831 patent. TREX counterclaimed, seeking a declaratory judgment of non-infringement, invalidity and unenforceability, and alleging antitrust violations on the part of Nystrom, his company, and his attorneys. Nystrom then filed a motion to dismiss the antitrust counterclaim. In response, TREX voluntarily dismissed the antitrust counterclaim, but then filed an amended counterclaim alleging many of the same antitrust violations against Nystrom alone. Soon after the amended counterclaim was filed, TREX again dismissed its antitrust counterclaim, prompting Nystrom to move for sanctions on the ground that TREX's attorneys "multiplie[d] the proceedings ... unreasonably and vexatiously." 28 U.S.C. § 1927 (2000). The district court denied the motion for sanctions.

In due course, the district court held a *Markman* hearing and issued a claim construction ruling on the construction of three disputed claim terms of the '831 patent. Based on the district court's claim construction ruling, Nystrom conceded that he could not prove his infringement case against TREX. Therefore, Nystrom asked the district court to enter judgment of non-infringement in favor of TREX and to dismiss TREX's invalidity and unenforceability counterclaim without preju-

dice. TREX then moved for summary judgment of non-infringement and for summary judgment of invalidity of claims 18–20. On September 11, 2002, the district court entered judgment of non-infringement of all claims and deferred its rulings on the outstanding motion for summary judgment of invalidity of claims 18–20.

On September 18, 2002, the district court held a conference call with the parties to determine how best to proceed with the pending motion and the action as a whole. The parties discussed three possibilities: (1) entering a judgment on the decided issues under Federal Rule of Civil Procedure 54(b); (2) dismissing TREX's counterclaim without prejudice; or (3) certifying an interlocutory order under 28 U.S.C. § 1292(c). The parties also recognized a fourth possibility: that the district court could proceed to trial on the counterclaim remaining after a ruling on the fully briefed motion for partial summary judgment of invalidity of claims 18–20. The district court took the parties' suggestions under advisement. On October 17, 2002, the district court granted TREX's motion for summary judgment of invalidity of claims 18–20, noting that the motion was ripe for decision. The challenge to the validity and enforceability of claims 1–17 was not addressed on the merits. The district court expressly entered a final judgment with respect to claims 18–20 and ruled that "[t]he remainder of the Defendants' Counterclaim seeking declaratory judgment of invalidity and unenforceability of the '831 patent is hereby STAYED pending appeal." *Nystrom v. TREX, Inc.*, No. 2:01cv905, slip op. at 10 (E.D.Va. Oct. 17, 2002).

Nystrom appealed the claim construction rulings, the grant of summary judgment of non-infringement based thereon, the grant of summary judgment of invalidity of claims 18–20, and the district court's denial of sanctions. Prior to the commencement of oral argument before this court, the court raised the issue of the finality of the district court's judgment and asked both parties to comment on whether this court had jurisdiction over the appeal in light of the presence in the case of the stayed counterclaim. Both parties verified that the counterclaim had not been dismissed and remained stayed pending appeal, but stated that they considered the district court's actions to have finally disposed of the case for purposes of appeal. The parties also confirmed that the district court had not made any determination or entered any direction under Rule 54(b). The court, after a brief caucus, announced that because the counterclaim remained pending, the judgment of the district court was not final, leaving this court without jurisdiction to hear the appeal. The court then ruled that the case was dismissed and adjourned the proceeding without entertaining argument on the merits.

## II. DISCUSSION

■ "[E]very federal appellate court has a special obligation to satisfy itself ... of its own jurisdiction ... even though the parties are prepared to concede it." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 89 L.Ed.2d 501 (1986) (internal quotation marks and citations omitted); *see also Kinetic Builder's, Inc. v. Peters*, 226 F.3d 1307, 1311–12 (Fed.Cir.2000). Thus, even though the parties raised no objection to our jurisdiction over this appeal, we are obligated to consider whether there is a final judgment of the district court, 28 U.S.C. § 1295(a)(1), or a basis for jurisdiction over an interlocutory order, 28 U.S.C. § 1292(c). *See Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1362 (Fed.Cir.2003); *Syntex Pharm. Int'l, Ltd. v. K–Line Pharm., Ltd.*, 905 F.2d 1525, 1526 (Fed.Cir.1990). On matters relating

to this court's jurisdiction, we apply Federal Circuit law, not that of the regional circuit from which the case arose. *See H.R. Techs., Inc. v. Astechnologies, Inc.,* 275 F.3d 1378, 1382 (Fed.Cir.2002); *State Contracting & Eng'g Corp. v. Florida,* 258 F.3d 1329, 1334 (Fed.Cir.2001); *Woodard v. Sage Prods., Inc.,* 818 F.2d 841, 844 (Fed.Cir.1987) (en banc).

■ This court's "final judgment rule," as applied to patent disputes arising under 28 U.S.C. § 1338, is set forth at 28 U.S.C. § 1295. Section 1295's final judgment rule mirrors that of its counterpart found at 28 U.S.C. § 1291. Under the rule, parties may only appeal a "final decision of a district court." 28 U.S.C. § 1295 (2000). In *Catlin v. United States,* 324 U.S. 229, 233, 65 S.Ct. 631, 89 L.Ed. 911 (1945), the Supreme Court defined a final judgment as a decision by the district court that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *See also Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978). By requiring parties to "raise all claims of error in a single appeal following final judgment on the merits," *Firestone Tire & Rubber Co. v. Risjord,* 449 U.S. 368, 374, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981), section 1295, like its counterpart section 1291, "forbid[s] piecemeal disposition on appeal of what for practical purposes is a single controversy...." *Cobbledick v. United States,* 309 U.S. 323, 325, 60 S.Ct. 540, 84 L.Ed. 783 (1940). If a case is not fully adjudicated as to all claims for all parties and there is no express determination that there is no just reason for delay or express direction for entry of judgment as to fewer than all of the parties or claims, there is no "final decision" under 28 U.S.C. § 1295(a)(1) and therefore no jurisdiction. *Pandrol,* 320 F.3d at 1362.

■ Determinations of claim construction made as an interlocutory matter by a district court are frequently determinative of either infringement or invalidity, but seldom both. The consequence of this is that after a claim construction ruling, the parties and the district court often find one of the infringement and validity sides of the case resolved and the other either moot or unresolved. Because claim construction is subject to de novo review as a matter of law, immediate appeal of an interlocutory claim construction ruling without a resolution of all of the factual issues of infringement or validity dependent thereon is often desired by one or both of the parties for strategic or other reasons. But, other than the accommodation for deferred accounting in 28 U.S.C. § 1292(c)(2), the rules of finality that define the jurisdiction of this court do not contain special provisions for patent cases or admit to exceptions for strategic reasons or otherwise, short of meeting the conditions specified in Rule 54(b) or 28 U.S.C. § 1292(b), (c)(1). Thus, piecemeal litigation is as strictly precluded by the rule of finality for patent cases as it is for any other case. Until the rules are changed, the parties and the district courts are obliged to conclude patent cases in strict compliance with the finality rule to avoid unnecessary litigation over jurisdictional issues in perfecting an appeal.

■ In the present case, the parties correctly identified for the district court three possible avenues of appeal as a matter of right. First, the district court could have considered proceeding to trial with the remaining invalidity and unenforceability counterclaim or otherwise disposing of the issue on the merits, thus "end[ing] the litigation on the merits and leav[ing] nothing for the court to do but execute the judgment." *Catlin,* 324 U.S. at 233, 65 S.Ct. 631.

■ Second, the district court could have dismissed the counterclaim without prejudice (either with or without a finding that the counterclaim was moot) following the grant of summary judgment of non-infringement.*

■ Third, the district court could have considered whether there was a proper basis to make "an express determination that there is no just reason for delay" and then to expressly direct the entry of final judgment on fewer than all of the claims under Federal Rule of Civil Procedure 54(b). *See, e.g., Ultra–Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353, No 02–1622, 2003 WL 21730685 (Fed.Cir. July 28, 2003); *Trilogy Communications, Inc. v. Times Fiber Communications, Inc.*, 109 F.3d 739, 745 (Fed.Cir.1997); *W.L. Gore & Assocs., Inc. v. Int'l Med. Prosthetics Research Assocs., Inc.*, 975 F.2d 858, 862 (Fed.Cir.1992). The finality of a judgment under Rule 54(b) is subject to de novo review by this court. *Id.*

■ A fourth avenue would have been for Nystrom to seek permission to immediately appeal the interlocutory judgments and orders of the district court under 28 U.S.C. § 1292(b), (c)(1). Such an appeal may only proceed if the district court, in its discretion, first certifies that each ruling presented for appeal "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate

termination of the litigation. . . ." 28 U.S.C. § 1292(b) (2000); *see Taylor v. PPG Indus., Inc.*, 256 F.3d 1315, 1317 (Fed.Cir. 2001). Acceptance of such appeal is also subject to the absolute discretion of this court, "which may refuse to entertain such an appeal [even when certified by the district court] in much the same manner that the Supreme Court today refuses to entertain applications for writs of certiorari." *In re Convertible Rowing Exerciser Patent Litig.*, 903 F.2d 822 (Fed.Cir.1990) (citing S.Rep. No. 85–2434, at 3, 4, *reprinted in* 1958 U.S.C.C.A.N. 5255). Such appeals are rarely granted.

■ The district court chose none of these approaches. Instead, the district court kept the invalidity and unenforceability counterclaim as to claims 1–17 in the case pending appeal, expressly reserving the counterclaim as a stayed claim. Stay orders generally are not final for purposes of 28 U.S.C. § 1295. *Cf. Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 10 n. 11, 103 S.Ct. 927, 74 L.Ed.2d 765 (1983) ("[A] stay is not ordinarily a final decision for purposes of § 1291. . . ."). Moreover, a "judgment that does not dispose of pending counterclaims is not a final judgment." *Pandrol*, 320 F.3d at 1362. Without finality at the district court, this court declines to entertain the present appeal. Accordingly, the appeal is dismissed for lack of jurisdiction.

*DISMISSED.*

---

* "We have previously held that a district court has discretion to dismiss a counterclaim alleging that a patent is invalid as moot where it finds no infringement." *Phonometrics, Inc. v. N. Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir.1998) (citing *Nestier Corp. v. Menasha Corp.-Lewisystems Div.*, 739 F.2d 1576, 1580–81 (Fed.Cir.1984)). We note that the Supreme Court's decision in *Cardinal Chemical Co. v. Morton International, Inc.*, 508 U.S. 83, 113 S.Ct. 1967, 124 L.Ed.2d 1 (1993), which prohibits us, as an intermediate court, from vacating a judgment of invalidity when we conclude that a patent is not infringed, does not preclude the discretionary action of a district court, in an appropriate case, in dismissing an invalidity counterclaim without prejudice when it concludes a patent is not infringed.

## COSTS

No costs.

MAYER, Chief Circuit Judge, concurs in the judgment.