## ZOLTAR SATELLITE ALARM SYSTEMS, INC., Plaintiff–Appellant,

v.

## SNAPTRACK, INC. and Qualcomm, Inc., Defendants–Cross Appellants.

No. 04–1558, 04–1577.

United States Court of Appeals, Federal Circuit.

Feb. 1, 2005.

Before MICHEL, Chief Judge, BRYSON and PROST, Circuit Judges.

BRYSON, Circuit Judge.

*ORDER*

Snaptrack, Inc. et al. move to dismiss Zoltar Satellite Alarm Systems, Inc.'s appeal of *Zoltar Satellite Alarm v. Snaptrack, Inc. et al.,* No. C–01–20291 (N.D.Cal. July 26, 2004), because Zoltar has appealed from a nonfinal order. Additionally, we treat Snaptrack's submission as a motion to voluntarily dismiss its cross-appeal if Zoltar's appeal is dismissed as premature. Zoltar opposes. Snaptrack replies. Snaptrack submits a surreply, which the court treats as a motion for leave to file a surreply, with surreply attached.

Zoltar sued Snaptrack for infringement of three patents. Snaptrack pled affirmative defenses and counterclaims relating to, inter alia, invalidity and unenforceability. The jury returned a partial verdict finding noninfringement of two of the patents, but failed to reach a verdict on infringement of the third patent. The jury did not return a verdict on many of Snaptrack's claims relating to invalidity and unenforceabilty. The district court subsequently granted Snaptrack's motion for judgment as a matter of law (JMOL) with regard to noninfringement of the third patent, but denied Snaptrack's other JMOL motion, leaving some validity and unenforceability matters unresolved. Although the JMOL order is not clear in making a distinction between Snaptrack's defenses and its counterclaims, the parties agree that the order refusing to grant JMOL applied to Snaptrack's counterclaims. On the same day it issued its JMOL rulings, the district court issued its judgment "with respect to [Zoltar's] complaint," making no reference to Snaptrack's counterclaims.

Snaptrack asserts that because the district court entered judgment only on Zoltar's claims of infringement and has not decided or entered judgment on Snap-

track's counterclaims of invalidity or unenforceability, the partial and incomplete judgment does not constitute a final decision, citing *Nystrom v. TREX Co.,* 339 F.3d 1347 (Fed.Cir.2003). We agree. In *Nystrom,* we dismissed the appeal for lack of jurisdiction "[b]ecause TREX's invalidity and unenforceability counterclaim ... remain[ed] pending at the district court [and, thus,] the judgment appealed [was] not final within the meaning of 28 U.S.C. § 1295(a)(1)." *Id.* at 1348. Similarly, these appeals must be dismissed for lack of jurisdiction.

Accordingly,

IT IS ORDERED THAT:

(1) Snaptrack's motion to dismiss these appeals is granted.

(2) Zoltar's motion for leave to file a surreply is granted.

(3) Each side shall bear its own costs.