**COLOR KINETICS INCORPORATED,**
**Plaintiff–Appellee,**

v.

**SUPER VISION INTERNATIONAL,**
**INC., Defendant–Appellant.**

No. 05–1485.

United States Court of Appeals,
Federal Circuit.

Oct. 19, 2005.

Before SCHALL, GAJARSA, and PROST, Circuit Judges.

## ORDER

GAJARSA, Circuit Judge.

Color Kinetics Incorporated moves to dismiss Super Vision International, Inc.'s appeal for lack of jurisdiction. Super Vision opposes. Color Kinetics replies.

Super Vision sued Color Kinetics in the United States District Court for the Middle District of Florida, seeking declaratory judgments of noninfringement, invalidity, and unenforceability. Super Vision amended its complaint to assert three tort claims. Approximately three months later, Color Kinetics filed an infringement suit against Super Vision in the United States District Court for the District of Massachusetts. The Florida district court transferred its case to the Massachusetts district court.

Subsequently, in the Massachusetts district court, Color Kinetics moved for summary judgment on Super Vision's tort claims. Super Vision opposed, arguing only that the district court could not rule on the tort claims because "Super Vision has not such claim for relief in this action [the patent infringement action]." The district court granted the motion for summary judgment on the tort claims and noted that Super Vision's argument "is without merit. The Florida action is actually pending in this District and is before this Judge, who has orally ruled, as the parties are personally aware, that the cases are consolidated." Super Vision moved for reconsideration of the order granting summary judgment and the district court denied that motion on June 2, 2005. Super Vision filed a notice of appeal on July 1, 2005, seeking review of the order denying reconsideration, the order granting summary judgment, and various other interlocutory orders.

Color Kinetics moves to dismiss the appeal because there is no appealable order and no final judgment or order certified pursuant to Fed.R.Civ.P. 54(b). The patent infringement claim and the declaratory judgment claims remain pending. Super Vision argues, inter alia, that it can appeal now because (1) the district court did not have jurisdiction to enter the order granting summary judgment and the summary judgment order is appealable pursuant to *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), and (2) the other orders are appealable as intertwined with the summary

judgment order. Super Vision's arguments are completely without merit.

For this court to have jurisdiction over an appeal, the district court must have issued either an appealable order (such as an injunction), a final judgment disposing of all claims, or a certification that the disposition of one or more claims constitutes a final judgment pursuant to Fed. R.Civ.P. 54(b). *Nystrom v. Trex Company, Inc.*, 339 F.3d 1347, 1350–51 (Fed.Cir. 2003). The order here merely granted summary judgment on some of the pending claims. *Cohen* does not apply because, inter alia, Super Vision has not shown that it could not obtain meaningful review of the issues later, i.e., after final judgment in the case has been entered. Before an order may be considered final under the *Cohen* doctrine, the order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment. *Gulfstream Aerospace Corp. v. Mayacamas Corp.*, 485 U.S. 271, 276, 108 S.Ct. 1133, 99 L.Ed.2d 296 (1988). Super Vision can obtain review of the jurisdictional issue later by filing a proper appeal after final judgment.

Accordingly,

IT IS ORDERED THAT:

The motion to dismiss for lack of jurisdiction is granted.