NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-1077

BLACK & DECKER, INC.
and BLACK & DECKER (U.S.), INC.,

Plaintiffs-Appellees,

v.

ROBERT BOSCH TOOL CORPORATION,

Defendant-Appellant.

Before BRYSON, Circuit Judge, FRIEDMAN, Senior Circuit Judge, and PROST, Circuit Judge.

PROST, Circuit Judge.

## O R D E R

Robert Bosch Tool Corporation (Bosch) responds to the court's January 26, 2007 order directing it to respond concerning whether its appeal of the October 24, 2006 order of the United States District Court for the Northern District of Illinois in Black & Decker, Inc. v. Robert Bosch Tool Corp., No. 04-CV-7955, should be dismissed as premature. Black & Decker, Inc. et al. (Black & Decker) respond.

Black & Decker filed a patent infringement complaint against Bosch. The district court bifurcated Bosch's unenforceability counterclaims from the trial on infringement and invalidity. The district court entered "judgment" on a jury verdict with respect to infringement and invalidity on September 26, 2006. The district court then held a bench trial on unenforceability, and on October 24, 2006 entered an order denying the unenforceability counterclaim. On November 21, 2006, Bosch filed a notice of appeal seeking review of the October 24 order. On November 29, 2006, the district court

entered a permanent injunction. To date, the district court has not entered final judgment with respect to all claims for relief on a separate document pursuant to Fed. R. Civ. P. 58.*

Black & Decker argues that Bosch's appeal is premature because the district court had not concluded its proceedings at the time the appeal was filed. Bosch argues that even if its appeal is premature, it ripened as of the entry of the permanent injunction pursuant to E-Pass Techs., Inc. v. 3COM Corp., 343 F.3d 1364, 1367 (Fed. Cir. 2003).

In E-Pass, at the time the notice of appeal was filed there were invalidity counterclaims pending in the district court. After the appeal was filed, the district court dismissed the invalidity counterclaims without prejudice. We determined that the premature appeal ripened upon the district court's dismissal of the pending counterclaims. However, the rationale of E-Pass is not applicable to this case. Unlike in E-Pass, in this case the district court adjudicated on the merits the remaining claim for relief, i.e., Black & Decker's motion for a permanent injunction. Thus, in this case, the district court's post-appeal action altered the issues that could be presented on appeal. In contrast, in E-Pass, the district court's dismissal without prejudice was not an adjudication on the merits and thus did not alter the issues presented on appeal.

Because the district court has not yet entered final judgment, the appeal is dismissed as premature. See 28 U.S.C. § 1295 (a)(1); Nystrom v. Trex Co., 339 F.3d 1347, 1350 (Fed. Cir. 2003) ("If a case is not fully adjudicated as to all claims for all

---

* The district court entered a document entitled "Judgment in a Civil Case" on September 26, 2006. However, that judgment related only to infringement and invalidity, and at the time it was entered Bosch's unenforceability counterclaim remained pending. Thus, it was not a final judgment.

parties and there is no express determination that there is no just reason for delay or express direction for entry of judgment as to fewer than all of the parties or claims, there is no final decision under 28 U.S.C. § 1295 (a)(1) and therefore no jurisdiction").

Accordingly,

IT IS ORDERED THAT:

(1)    The appeal is dismissed.

(2)    Each side shall bear its own costs.

FOR THE COURT

March 27, 2007                              /s/ Sharon Prost
            Date                           Sharon Prost
                                           Circuit Judge

cc:    Dean D. Niro, Esq.
       Jon R. Trembath, Esq.

s17

2007-1077                          3