INTERNATIONAL AUTOMATED SYSTEMS, INC., Plaintiff–Appellant,

v.

DIGITAL PERSONA, INC., Defendant–Appellee,

and

Microsoft Corporation, Defendant–Appellee,

and

IBM, IBM Corporation, and IBM Personal Computing Division, Defendants–Appellees,

and

Lenovo (United States), Inc. and Lenovo Group Ltd., Defendants–Appellees,

and

Upek, Inc., Defendant–Appellee.

No. 2008–1189.

United States Court of Appeals, Federal Circuit.

April 8, 2008.

Before MAYER, LINN, and DYK, Circuit Judges.

---

ON MOTION

DYK, Circuit Judge.

*ORDER*

Digital Persona, Inc., Microsoft Corporation, and UPEK, Inc. (UPEK et al.) move to dismiss for lack of jurisdiction International Automated Systems, Inc. (IAS)'s appeal from a January 3, 2008, —— F.Supp.2d ——, 2008 WL 53151, decision of the United States District Court for the District of Utah. IAS opposes. UPEK et al. reply.

IAS filed suit against UPEK et al. and two of UPEK, Inc.'s customers, the IBM Corporation and LENOVO, Inc. (collectively, "the Defendants"), for infringement of U.S. Patent No. 5,598,474 ("the '474 patent") relating to fingerprint readers. The Defendants each counterclaimed, asserting, inter alia, that the '474 patent was invalid and that there was no infringement. UPEK, Inc. also counterclaimed that the '474 patent was unenforceable because of inequitable conduct. In August 2007, the suits against Microsoft and Digital Persona were consolidated.

On January 3, 2008, the district court granted Microsoft and Digital Persona's motion for summary judgment on the issue of invalidity on 35 U.S.C. § 112 grounds. On January 9, 2008, IAS's suits against UPEK, Inc., IBM, and Lenovo were consolidated with the suits against Microsoft and Digital Persona.

On February 1, 2008, IAS appealed to this court seeking review of the January 3, 2008 order. IAS did so without the district court having decided any of the noninfringment counterclaims or any of the claims or counterclaims in the suits between IAS and UPEK, Inc., IBM, and Lenovo. UPEK et al. move to dismiss the appeal, asserting, inter alia, that the district court has not issued its final judgment in this case. We agree.

Pursuant to 28 U.S.C. § 1295(a)(1), we have jurisdiction over a final decision of the district court. A final judgment is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Nystrom v. Trex Co.,* 339 F.3d 1347, 1350 (Fed.Cir.2003). "If a case is not fully adjudicated as to all claims for all parties and there is no express determination that there is no just reason for delay or express direction for entry of judgment as to fewer than all of the parties or claims, there is no 'final decision' under 28 U.S.C. § 1295(a)(1) and therefore no jurisdiction." *Id.*

Here, UPEK et al.'s counterclaims for noninfringement and Upek, Inc.'s counterclaim for unenforceability appear moot. However, we deem it the better course of action to dismiss the appeal to allow the district court to enter a final judgment on the pending claims.

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted.

(2) Each side shall bear its own costs.