ON MOTION
BRYSON, Circuit Judge.

ORDER

Broadcom Corporation moves to dismiss Qualcomm Incorporated’s appeal. Qualcomm opposes. Qualcomm’s outside counsel, James R. Batchelder et al. respond. Broadcom replies. Batchelder et al. also move to reform the caption.
This appeal stems from a patent infringement action brought by Qualcomm against Broadcom. The district court referred a discovery sanctions matter to a magistrate judge. Qualcomm’s outside attorneys sought permission to disclose attorney-client privileged information pursuant to a common law self-defense exception. The magistrate judge denied the outside attorneys’ request. Several months after entry of final judgment, a magistrate judge entered a sanctions order against Qualcomm, requiring payment of Broadcom’s attorney fees and expenses. In that order, the magistrate judge also imposed sanctions against some of the attorneys including referring six of Qualcomm’s outside attorneys to the State Bar of California for an investigation of possible ethical violations. Qualcomm’s outside attorneys appealed the magistrate judge’s order, seeking review by the district court. Qualcomm did not appeal the magistrate judge’s order to the district court.
On March 5, 2008, the district court vacated the portion of the magistrate judge’s order denying application of the self-defense exception, vacated the magistrate judge’s order that imposed sanctions on Qualcomm’s six outside attorneys, and remanded for further proceedings. The district court also allowed both Broadcom and Qualcomm to participate in the remand proceedings. The district court also noted Qualcomm did not object to the magistrate judge’s order and that the order was “final” as to Qualcomm, although Qualcomm continues to be involved in the additional contempt proceedings.
Qualcomm filed what it acknowledges to be a protective notice of appeal seeking review by this court. Four attorneys filed protective cross-appeals in the event this court determines that Qualcomm’s appeal is proper. Broadcom moves to dismiss *879 Qualcomm’s appeal for lack of jurisdiction. Qualcomm requests that the court rule on whether the remand order was either a final order or reviewable on appeal under the Cohen collateral order doctrine. The attorneys do not oppose dismissal of Qualcomm’s appeal or their own appeals provided they can seek review of any adverse determinations after final disposition.
We agree with Broadcom that Qualcomm’s appeal should be dismissed for lack of jurisdiction. Pursuant to 28 U.S.C. § 1295(a)(1), we have jurisdiction over a final decision of a district court. A final decision is one that “ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.” Nystrom v. TREX Co., 339 F.3d 1347, 1350 (Fed.Cir.2003). No final disposition of the sanctions matter has been entered and the parties do not dispute that proceedings are ongoing. Because contempt proceedings are ongoing in several respects, there has been no final determination concerning all sanctions that may be imposed and there can be no appeals filed at this time concerning the contempt determinations. Qualcomm questions whether the order would be appealable pursuant to Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), because the order involves attorney-client privilege issues. We have rejected review of interlocutory orders involving privilege issues under the Cohen collateral order doctrine when, as here, it appears that the issues are “effectively reviewable” on appeal after final disposition. See Quantum Corp. v. Tandon Corp., 940 F.2d 642, 644 (Fed.Cir.1991) (discovery order involving privilege objection is “effectively reviewable” on appeal from final disposition).
The attorney appellants agree that if we dismiss Qualcomm’s appeal, their appeals should also be dismissed because they can seek review of any adverse determinations later. We note that at the present stage there is no order imposing sanctions on the attorneys and thus no appeal may be filed by the attorneys at this time.
Accordingly,
IT IS ORDERED THAT:
(1) The motion is granted. The appeals are dismissed.
(2) The motion to reform the caption is granted to the extent that the revised official caption is reflected above.
(3) All sides shall bear their own costs.
/s/ William C. Bryson
William C. Bryson
Circuit Judge