ON MOTION
SCHALL, Circuit Judge.

ORDER

Appellants Dorothy L. Biery, et al. move to reactivate this appeal. The United *173 States opposes and moves to dismiss the appeal for lack of jurisdiction. The appellants oppose. The United States replies.
In cases that were later consolidated, the plaintiffs sued the United States alleging that they were entitled to compensation for an unlawful taking. On motions for summary judgment, the United States Court of Federal Claims dismissed one of Biery’s claims, dismissed the claims of the other appellants, and allowed the other plaintiffs’ claims to proceed. Biery appealed. On September 30, 2009, this court deactivated this appeal pursuant to Fed. R.App. P. 4(a)(4), due to possible pending motions in the trial court.
The United States contends that because there are pending claims before the Court of Federal Claims, and because the Court of Federal Claims did not enter a Rule 54(b) judgment on the decided claims, the appeal is premature. We agree. Because there are pending claims, there is no final judgment and this appeal is premature. See Nystrom v. Trex Co., 339 F.3d 1347, 1350 (Fed.Cir.2003) (“If a case is not fully adjudicated as to all claims for all parties and there is no express determination that there is no just reason for delay or express direction for entry of judgment as to fewer than all of the parties or claims, there is no final decision ... and therefore no jurisdiction”). Any adversely affected party may, of course, file a notice of appeal after the Court of Federal claims disposes of all claims and enters final judgment.
Accordingly,
IT IS ORDERED THAT:
(1)The appellants’ motion to reactivate this appeal is moot.
(2) The United States’ motion to dismiss is granted.
(3) Each side shall bear its own costs.