NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**EMMERT SECOND LIMITED PARTNERSHIP, I.A.M. OF PUERTO RICO, INC., AND DURA-STILT SALES LIMITED PARTNERSHIP,**
*Plaintiffs-Appellees,*

v.

**MARSHALLTOWN COMPANY,**
*Defendant-Appellant.*

---

2011-1532

---

Appeal from the United States District Court for the Western District of Oklahoma in case no. 10-CV-0012, Judge Robin J. Cauthron.

---

## ON MOTION

---

Before NEWMAN, LINN, and REYNA, *Circuit Judges.*

LINN, Circuit *Judge.*

## ORDER

Emmert Second Limited Partnership, et al. (Emmert) move to dismiss this appeal as premature. Marshalltown Company (Marshalltown) opposes. Emmert replies.

Emmert filed a complaint in the United States District Court for the Western District of Oklahoma against Marshalltown, alleging patent infringement. Marshalltown filed a counterclaim of false patent marking. On Emmert's motion, the district court dismissed Marshalltown's counterclaim for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). Marshalltown appealed.

Emmert contends that because its claims against Marshalltown are still pending before the district court, the appeal is premature. Marshalltown argues that it may appeal because the district court, by dismissing Marshalltown's counterclaim, effectively denied an injunction. Emmert replies that Marshalltown did not specifically seek injunctive relief in its complaint and that in any event Marshalltown has made no showing that the district court's dismissal order might have some "serious, perhaps irreparable, consequence" and could only be "effectually challenged" by immediate appeal. *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981) ("a litigant must show more than that the order has the practical effect of refusing an injunction. . . . Unless a litigant can show that an interlocutory order of the district court might have a 'serious, perhaps irreparable, consequence,' and that the order can be 'effectually challenged' only by immediate appeal, the general congressional policy against piecemeal review will preclude interlocutory appeal.").

We agree with Emmert that the appeal is premature and that Marshalltown has made no showing that it may appeal under *Carson*. Because there are pending claims, there is no final judgment and this appeal is premature. *See Nystrom v. Trex Co.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003) ("If a case is not fully adjudicated as to all claims for all parties and there is no express determination that there is no just reason for delay or express direction for entry of judgment as to fewer than all of the parties or

claims, there is no final decision . . . and therefore no jurisdiction").

Accordingly,

IT IS ORDERED THAT:

(1) Emmert's motion to dismiss is granted.

(2) All pending motions are denied as moot.

FOR THE COURT

JAN 13 2012

Date

/s/ Jan Horbaly

Jan Horbaly

Clerk

cc:  Jay P. Walters, Esq.
     Meredith K. Lowry, Esq.

s20

Issued As A Mandate:  JAN 13 2012

FILED
U.S. COURT OF APPEALS FOR
THE FEDERAL CIRCUIT

JAN 13 2012

JAN HORBALY
CLERK