NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**JOHN DOE,**
*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**
*Defendant-Appellee.*

---

2012-5119

---

Appeal from the United States Court of Federal Claims in case no. 11-CV-348, Judge Margaret M. Sweeney.

---

## ON MOTION

---

Before NEWMAN, LOURIE, and REYNA, *Circuit Judges.*

REYNA, *Circuit Judge.*

## O R D E R

The court previously deactivated this appeal because it appeared that a motion of the type enumerated in Fed. R. App. R. 4(a)(4) had been filed. John Doe moves to reactivate the appeal. The United States responds and moves to dismiss the appeal.

JOHN DOE v. US                                                        2

Both parties agree that a motion of the type enumerated in Fed. R. App. P. 4(a)(4) has not been filed at the Court of Federal Claims, and thus deactivation is not required. Doe acknowledges that there is a motion to dismiss pending before the Court of Federal Claims. However, he contends that the portion of the Court of Federal Claims's decision and order that disposed of his claims prior to June 1, 2005, is ripe for appeal. As noted by the government, there has been no final judgment in this case. Nor has the Court of Federal Claims entered judgment under Rule of the Court of Federal Claims 54(b). As a result, we lack jurisdiction to hear Doe's appeal, because it is premature. *See Nystrom v. Trex Co.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003) ("If a case is not fully adjudicated as to all claims for all parties and there is no express determination that there is no just reason for delay or express direction for entry of judgment as to fewer than all of the parties or claims, there is no final decision . . . and therefore no jurisdiction.") Of course, after the Court of Federal Claims disposes of all claims and enters final judgment, any adversely affected party may file a notice of appeal.

Accordingly,

IT IS ORDERED THAT:

1) The motion to reactivate is moot.

2) The motion to dismiss is granted.

3) Each side shall bear its own costs.

FOR THE COURT

/s/ Jan Horbaly
Jan Horbaly
Clerk

s25

3                                                    JOHN DOE V. US

ISSUED AS A MANDATE:  <u>March 4, 2013</u>