# United States Court of Appeals for the Federal Circuit

———————————

**FLEXUSPINE, INC.,**
*Plaintiff-Cross-Appellant*

v.

**GLOBUS MEDICAL, INC.,**
*Defendant-Appellant*

———————————

2017-1188, 2017-1189

———————————

Appeals from the United States District Court for the Eastern District of Texas in No. 6:15-cv-00201-JRG-KNM, Judge J. Rodney Gilstrap.

———————————

Decided: January 19, 2018

———————————

MARK STRACHAN, Sayles Werbner, P.C., Dallas, TX, argued for plaintiff-cross-appellant. Also represented by E. SAWYER NEELY, DARREN PATRICK NICHOLSON; TODD BLUMENFELD, BRETT MICHAEL PINKUS, JONATHAN TAD SUDER, Friedman, Suder & Cooke, Fort Worth, TX.

ARUN SUBRAMANIAN, Susman Godfrey LLP, New York, NY, argued for defendant-appellant. Also represented by JACOB W. BUCHDAHL, MARK HOWARD HATCH-MILLER; JOHN PIERRE LAHAD, Houston, TX.

———————————

Before PROST, *Chief Judge,* CLEVENGER and DYK,
*Circuit Judges.*

PROST, *Chief Judge.*

Globus Medical, Inc., appeals the district court's decision denying its Rule 59(e) motion and denying as moot its Rule 50(b) motion. Flexuspine, Inc., cross-appeals from the district court's grant of summary judgment of noninfringement of its U.S. Patent No. 8,123,810 ("'810 patent"). We affirm the district court's decisions (1) denying Globus's Rule 59(e) motion, (2) denying as moot its Rule 50(b) motion, and (3) granting summary judgment of noninfringement.

I

Flexuspine filed a complaint alleging Globus infringed five patents. Globus denied Flexuspine's allegations of infringement and asserted affirmative defenses of noninfringement and invalidity, among others. Globus also filed declaratory judgment counterclaims of noninfringement and invalidity for each patent and requested a jury trial for its counterclaims. As a result of IPR proceedings and claim construction, the parties then jointly moved and the court dismissed a number of Flexuspine's claims and Globus's counterclaims. The magistrate judge also issued a report and recommendation granting Globus's motion for summary judgement of noninfringement with respect to the '810 patent, which the district court subsequently adopted.

Over a month before trial on the remaining claims, the parties submitted a joint proposed pre-trial order along with proposed jury instructions and verdict forms from each party. Flexuspine's proposed verdict form included a "stop instruction" which conditioned the submission of invalidity on an affirmative finding of infringement. Globus's proposed verdict form did not.

Flexuspine's stop instruction read "ANSWER THIS NEXT QUESTION ONLY AS TO THOSE CLAIMS YOU ANSWERED "YES" TO IN QUESTION 1 [the infringement question] ABOVE—OTHERWISE DO NOT ANSWER THIS QUESTION." J.A. 2837. On the second day of trial, the parties submitted proposed joint final jury instructions but competing verdict forms. Again, Flexuspine's amended proposed verdict form continued to include the same stop instruction, while Globus's amended proposed verdict form did not condition the invalidity question on an infringement finding.

After the conclusion of evidence, the district court held an in-chambers informal charge conference to discuss the jury instructions and verdict form with the parties. As a result of those discussions, the district court generated its intended final jury instructions and final verdict form. The final jury instructions and verdict form were adopted nearly word-for-word from Flexuspine's proposed instructions and verdict form. The final verdict form included Flexuspine's proposed stop instruction.

The next day, the district court afforded the parties an opportunity to object to the final jury instructions and verdict form on the record. During this formal charge conference, the district court went page-by-page through the final instructions and the verdict form asking the parties if they had any objections. Neither party objected to Question 2 concerning invalidity or the stop instruction preceding Question 2. The district court specifically inquired as to the propriety of the instruction: "[t]urning to Page 3 wherein the Court has set forth Question 2, is there any objection from either party?" J.A. 4912. Globus answered "Nothing from the Defendant, Your Honor." *Id.* At the conclusion of the formal charge conference, the court again asked if there was "[a]nything further from the Defendant with regard to the verdict form?" and Globus answered: "No, Your Honor." J.A. 4.

After deliberation, the jury reported that they had reached a verdict. Upon reviewing the verdict form, however, the district court determined that the jury had not filled out the verdict form correctly. The jury answered "no" to all parts of Question 1 regarding infringement but did not heed the verdict form's stop instruction and continued to answer Questions 2 and 3 (the questions pertaining to invalidity and damages). The answer to Question 2 indicated the claims were found invalid, and in Question 3 the jury wrote in "0" for the damages amount.

The district court instructed the jury to retire again with a blank verdict form, review the verdict form, and return a verdict consistent with both questions asked and the district court's written instructions on the verdict form. The court then asked, "[d]oes either party object to the Court having sent the jury back to re-execute the verdict form consistent with each instruction included therein?" In response, neither party lodged a formal objection. Globus stated, "[y]our Honor, I was not present at the charge conference but I—as I understand it, or as I thought I understood it, a jury could still be allowed to pass on the validity of patents even in the absence of a finding of infringement." J.A. 5014. The court responded that it had reviewed the verdict form with the parties and no formal objection had been made at the on-the-record charge conference.

Shortly thereafter, the jury returned a verdict in accordance with the district court's instructions. This verdict found the claims not to be infringed and left the other questions unanswered. It was only at this point, after the jury returned its final verdict without answering the validity or damages questions, that Globus lodged its first formal objection. J.A. 5020 ("I do want to lodge a formal objection over the verdict. I understand that we did not make that at the appropriate time, but we do object for the record.").

The district court entered final judgment that Globus did not infringe any of the asserted claims of the two remaining patents. The court's judgment did not address invalidity of the patents-in-suit. Globus filed a Rule 59(e) motion requesting that the judgment be amended to include the jury's invalidity verdict. Flexuspine opposed. Globus then filed a Rule 50(b) motion for judgment as a matter of law on invalidity. Globus argued in support of the Rule 50(b) motion that given the overwhelming invalidity evidence presented at trial, judgment as a matter of law on invalidity was required even if the court denied Globus's Rule 59(e) motion. Flexuspine did not file a response to the Rule 50(b) motion.

The district court denied Globus's Rule 59(e) motion. The court also dismissed Globus's invalidity counterclaims without prejudice and so denied as moot its Rule 50(b) motion. Globus appeals. Flexuspine cross-appeals from the district court's pre-trial order granting summary judgment of no infringement on the '810 patent. Flexuspine does not appeal the judgment of noninfringement of the other two patents-in-suit.

We have jurisdiction under 28 U.S.C. § 1295(a)(1).

## II

## A

Globus appeals the district court's order denying its Rule 59(e) motion. This court applies regional circuit law—here, the law of the Fifth Circuit—to review the denial of a Rule 59(e) motion to alter or amend a judgment. *Minton v. Nat'l Ass'n of Sec. Dealers, Inc.*, 336 F.3d 1373, 1378 (Fed. Cir. 2003). The Fifth Circuit generally reviews the denial of a Rule 59(e) motion for abuse of discretion, except to the extent the ruling involved reconsideration of a question of law, in which case the review is de novo. *Potts v. Chesapeake Expl., LLC*, 760 F.3d 470, 473 (5th Cir. 2014). Rule 59(e) motions to alter or amend

a judgment "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotation marks omitted).

Globus argues that, under Rule 59(e), the district court's judgement should be amended to add a judgment of invalidity. This must be done, Globus argues, in order to correct the manifest errors of law made by the district court when it refused to enter judgment of invalidity and when it retired the jury for further deliberations after the jury initially returned its verdict. Because we perceive no manifest error of law to support Globus's Rule 59(e) motion to alter or amend the judgment, we affirm the district court's order denying this motion.

First, Globus argues that the district court was not authorized to direct the jury to further consider its answers and verdict because the jury's first answers were not inconsistent with each other. Globus maintains that the fact that the jury overlooked the stop instructions was not sufficient to render the verdict internally inconsistent. We disagree.

In *White v. Grinfas*, 809 F.2d 1157 (5th Cir. 1987), like here, the problem with the verdict "was caused by the jury's failure to follow the court's instructions." 809 F.2d at 1161. In that case, the jury was directed to answer questions following question 3 only if it answered "yes" to that question. The jury answered "no" to that question but continued to answer further questions, ignoring the court's instructions. The Fifth Circuit observed that "[b]ecause all the questions subsequent to question 3 were predicated on an affirmative response to that question, the subsequent answers *had to conflict* with the ["no"] answer to question 3, regardless of whether they were also in conflict with each other." *Id.* (emphasis added). Accordingly, under Fifth Circuit law, a jury answering

questions in violation of a stop instruction is sufficient to render the verdict internally inconsistent.

Here, as in *White*, because, according to the verdict form, answers to the validity and damages questions were predicated on an affirmative response to the infringement question, the jury's answers to the validity and damages questions "had to conflict" with the jury's answer of no infringement. *Id.* The district court was entitled to find these answers inconsistent and was entitled to decline to enter judgment on invalidity. *Richard v. Firestone Tire & Rubber Co.*, 853 F.2d 1258, 1260 (5th Cir. 1988) (citing *White*, 809 F.2d at 1161) (recognizing the broad discretion the district court enjoys to refuse to consider interrogatories answered in violation of the court's instructions). The district court also acted within its discretion when it retired the jury for further deliberations after the jury initially returned its verdict. *Id.* at 1260–61. The district court has discretion to determine when a series of answers submitted by a jury is not clear and therefore requires resubmission. *Id.* We decline to disturb the district court's proper exercise of its discretion.

Second, Globus argues that even if the jury's answers were inconsistent with the verdict form, they were not inconsistent with the jury instructions. Globus submits that the jury instructions did not condition that the jury only determine invalidity if it found infringement, but instead suggested that the jury should resolve both infringement *and* invalidity. Globus maintains that the verdict form's stop instruction was, therefore, in conflict with the jury instructions. According to Globus, the jury properly resolved this conflict in favor of following the jury instructions and so its answers to the verdict questions, following *those* instructions, were not inconsistent. Under the Seventh Amendment and Fifth Circuit law, Globus argues, the district court was therefore required to adopt the jury's verdict. *Nance v. Gulf Oil Corp.*, 817 F.2d 1176, 1178 (5th Cir. 1987).

Globus acknowledges that there is no directly on-point Fifth Circuit authority governing how to resolve a conflict between jury instructions and a verdict form, but contends that the district court got it wrong when it rejected the jury's verdict. We need not decide how to address such a conflict because, to the extent there was any conflict, the district court clarified the jury instructions, and Globus did not timely object.

Both here and before the district court, Globus cited *United States v. McKenna* to support its view that any conflict between jury instructions and the verdict form should be resolved in favor of following the instructions. 327 F.3d 839 (9th Cir. 2003). In that case, a criminal defendant argued that a special verdict form impermissibly amended the indictment because it merely summarized the charge without setting out the specific elements. Because the district court had provided oral instructions setting forth those elements and because the district court specifically advised the jury the verdict form was only a summary and that the oral instructions should control, the Ninth Circuit held the verdict form did not impermissibly amend the indictment. *Id.* at 843.

We agree with the district court that *McKenna*, if anything, supports its conduct here. Like the defendant in that case, Globus did not object to the verdict form. Further, to the extent that there was any conflict between the verdict form and jury instructions, the district court here, as in *McKenna*, clearly instructed the jury on which instructions should control when it asked the jury to retire again with a blank verdict form and return a verdict consistent with both the questions asked and the stop instructions on the verdict form.[1]

---

[1]  During oral argument before this court, Globus cited *Idaho Golf Partners v. TimberStone Management*,

As discussed above, under Fifth Circuit law, the district court clearly has discretion to determine when a series of answers submitted by a jury is not clear and therefore requires resubmission. *Richard*, 853 F.2d at 1260–61. Because the verdict form unambiguously submitted the issue of validity to the jury only as an affirmative defense, the district court was entitled to find that the jury's first answers on the verdict form were irreconcilable because they were in conflict with the clear instructions on the face of the verdict form, whether or not those answers may have been consistent with the oral instructions. *Id.* at 1260. "The judge [was] in an excellent position to evaluate whether the jury w[ould] likely be able to resolve this uncertainty with proper guidance." *Id.* at 1260–61. And the judge provided this guidance when he asked the jury to return a new verdict consistent with the stop instructions in the verdict form. "Removing any uncertainty in the jury's findings obviously solidifies any judgment entered on the verdict." *Id.* at 1260. We, therefore, decline to disturb the district court's exercise of discretion in determining that the series of answers submitted by this jury required resubmission. *Id.* at 1260–61. And there is no Seventh Amendment violation by the resubmission of the verdict form when the answers in the first verdict are irreconcilable. *Nance*, 817 F.2d at 1178. Moreover, when specifically questioned, Globus did

---

which is similarly inapposite. No. 1:14-CV-00233-BLW, 2017 WL 3531481, at *1 (D. Idaho Aug. 17, 2017). That decision simply dealt with reconciling apparent internal inconsistencies within the special verdict form. The district court looked to the oral instructions as an explanation for the jury's apparent inconsistent findings, but *Idaho Golf* never decided that the oral instruction must trump an unambiguous verdict form, nor did the jury in that case disobey unambiguous verdict form instructions, as it did here.

not object to the district court sending the jury back for further deliberation and therefore waived any objection to the district court's conduct.

Finally, and in the alternative, Globus contends that the district court improperly found waiver of Globus's right to a jury trial on its invalidity counterclaims based on Globus's lack of objection to the verdict form. The district court's decision to reject the jury's invalidity verdict, therefore, allegedly violated Globus's Seventh Amendment rights.

The district court did not deprive Globus of its right to a jury trial outright, it merely declined to submit its counterclaims to *this* jury. The district court properly determined from Globus's lack of objection to the verdict form prior to the jury's deliberations that Globus submitted the issue of invalidity to the jury only as an affirmative defense, not as a counterclaim. *McDaniel v. Anheuser-Busch, Inc.*, 987 F.2d 298, 306 (5th Cir. 1993) ("[F]ailure to object to the wording of a special issue prevents a party from objecting to such wording on appeal."). As discussed below, because the district court dismissed Globus's invalidity counterclaims without prejudice, the claim survives for Globus to file another day.

B

Globus also appeals the district court's order denying as moot its Rule 50(b) motion. This court applies regional law to review the denial of a Rule 50(b) motion for judgment as a matter of law. *Apple Inc. v. Samsung Elecs. Co.*, 839 F.3d 1034, 1040 (Fed. Cir. 2016). The Fifth Circuit reviews the denial of a Rule 50(b) motion de novo. *Hoffman v. L & M Arts*, 838 F.3d 568, 580 (5th Cir. 2016). We review for abuse of discretion, however, a district court's decision to dismiss without prejudice an invalidity counterclaim challenging a patent that it concludes was

not infringed.  *Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361, 1371 (Fed. Cir. 2004).

We conclude that the district court was within its discretion to dismiss Globus's invalidity counterclaims without prejudice.  This court has expressly held that "[a] district court judge faced with an invalidity counterclaim challenging a patent that it concludes was not infringed may either hear the claim or dismiss it without prejudice."  *Id.* (citing *Nystrom v. TREX Co.*, 339 F.3d 1347, 1351 (Fed. Cir. 2003)).  Globus is correct that a district court is typically faced with a live invalidity counterclaim only after the court grants summary judgment of noninfringement and that its discretion to dismiss invalidity counterclaims at later stages in the proceedings may be more limited.[2]  Under the specific circumstances here, however—where the district court clarified that Globus's invalidity counterclaims were not submitted to the jury and Globus waived its right during the trial to have the jury consider those claims—it was within the district court's discretion to dismiss Globus's counterclaims without prejudice.

Once the district court dismissed Globus's invalidity counterclaims without prejudice, invalidity was no longer a live issue amenable to being decided as a matter of law.  The court properly denied as moot Globus's Rule 50(b) motion for judgment as a matter of law of invalidity.

---

[2]    The Supreme Court has "commented at length on the wasteful consequences of relitigating the validity of a patent after it has once been held invalid in a fair trial, and [it has] noted the danger that the opportunity to relitigate might, as a practical matter, grant monopoly privileges to the holders of invalid patents."  *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 100–01 (1993) (citing *Blonder Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 329 (1971)).

### III

Flexuspine cross-appeals from the district court's grant of summary judgment of noninfringement of the '810 patent. We review a district court's grant of summary judgment de novo, applying the same standard as the district court. *Potts*, 760 F.3d at 473. Under that standard, summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. *Id.*

Claim 17 of the '810 patent requires an "upper body," a "lower body," and an "expansion member." Relevant here is the following claim element:

> an expansion member comprising an elongated body having a substantially flat inferior surface, a substantially flat superior surface, and a first angled portion at an insertion end of the elongated body, wherein the expansion member is configured to be positioned between the upper body and the lower body such that applying a force to a trailing end of the elongated body opposite the insertion end of the elongated body is configured to advance the first angled portion and the substantially flat superior and inferior surfaces of the expansion member in a substantially linear direction between and *at least partially oblique* to at least a portion of the inferior surface of the upper body and at least a portion of the superior surface of the lower body after insertion of the upper and lower body in the spine to increase a separation distance between the superior surface of the upper body and the inferior surface of the lower body.

'810 patent col. 36 ll. 13–29 (emphasis added).

The parties agreed to an interpretation of the term "oblique," as follows:

(1) the expansion member's movement must be oblique (in a slanting or sloping direction) to the surfaces of the upper and lower bodies, and

(2) the first angled portion and the flat surfaces of the expansion member must move obliquely with respect to the same portion of the surface of the upper and lower bodies.

J.A. 2918, 646–47, 735.

The magistrate judge's report and recommendation noted that "Flexuspine provide[d] no evidence to satisfy th[e second] requirement" "of the parties' agreed construction: that both the first angled portion and the flat surfaces of the expansion member move obliquely to the same part of the superior and inferior surfaces of the upper and lower bodies." J.A. 2921–22. "Even further, Flexuspine's expert d[id] not mention this requirement in his infringement analysis at all." J.A. 2922. "Absent such evidence," the magistrate judge determined, "a reasonable juror could not find Caliber infringes the asserted claim." *Id.* The district court reached the same conclusion. J.A. 3528 (noting that, as the magistrate judge identified, Flexuspine's theory wholly fails to address the second requirement of the interpretation agreed to by the parties in claim construction).

On appeal, Flexuspine does not dispute this portion of the district court's order, nor does it affirmatively or explicitly take issue with the district court's statement that its witness failed to address the second requirement of the parties' agreed upon interpretation of "oblique." Flexuspine does not cite to any evidence that might satisfy the second requirement of the claim construction. It even neglected to address this issue in its reply brief after Globus expressly identified the deficit in Flex-

uspine's opening cross-appeal brief.  We therefore affirm the district court's order granting summary judgment.[3]

**AFFIRMED**

COSTS

The parties shall bear their own costs.

---

[3]    Flexuspine also argues in its cross-appeal that the district court abused its discretion by precluding Flexuspine's reliance on an unrelated jury verdict.  Because Flexuspine does not appeal from the jury's noninfringement verdict below, and we affirm the district court grant of summary judgment of noninfringement of the '810 patent, we need not reach this issue.