NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**NAZIR KHAN, IFTIKHAR KHAN,**
*Plaintiffs-Appellants*

**v.**

**MERIT MEDICAL SYSTEMS, INC.,**
*Defendant-Appellee*

---

2023-1054

---

Appeal from the United States District Court for the District of Utah in No. 2:21-cv-00337-HCN, Judge Howard C. Nielson, Jr.

---

**ON MOTION**

---

Before DYK, BRYSON, and PROST, *Circuit Judges.*

PER CURIAM.

### O R D E R

Merit Medical Systems, Inc. moves to dismiss this appeal for lack of jurisdiction. Appellants Nazir Khan and Iftikhar Khan (collectively, "Khan") oppose dismissal. Merit Medical replies.

Khan filed this action for patent infringement in the United States District Court for the District of Utah. Merit Medical counterclaimed for declaratory judgments of non-infringement and invalidity, as well as interference with economic relations. The magistrate judge filed a report and recommendation agreeing with Merit Medical that summary judgment of non-infringement should be issued on Khan's claims. On September 27, 2022, the district court entered an order "in favor of [Merit Medical] and against [Khan] on all of [Khan's] claims." ECF No. 1-2 at 41. Khan filed an appeal seeking review of that decision. Merit Medical now moves to dismiss, noting that the district court has not resolved Merit Medical's claims and that the district court has indicated that "[g]iven Defendant's pending counterclaims," the "entry of judgment was premature."

We agree with Merit Medical that this appeal is premature. Our jurisdiction generally extends only to a "final decision of a district court," 28 U.S.C. § 1295(a)(1), *i.e.*, one that "ends the litigation on the merits and leaves nothing for the court to do but to execute the judgment," *Catlin v. United States*, 324 U.S. 229, 233 (1945). A grant of summary judgment that does not resolve all of Merit Medical's counterclaims fails to end the litigation on the merits and is not a final judgment. *See Nystrom v. TREX Co.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003) ("If a case is not fully adjudicated as to all claims for all parties . . . there is no 'final decision' . . . and therefore no jurisdiction." (citation omitted)); *Pandrol USA, LP v. Airboss Ry. Prods., Inc.*, 320 F.3d 1354, 1362 (Fed. Cir. 2003) ("A judgment that does not dispose of pending counterclaims is not a final judgment." (citation omitted)). Nor has Khan demonstrated that the court's order effectively denies him injunctive relief such that he may appeal under 28 U.S.C. § 1292. *See Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84 (1981).

We therefore grant the motion and dismiss the appeal for lack of jurisdiction, subject to reinstatement under the same docket number without the payment of an additional

filing fee if, within 60 days of this order, Khan appeals from the entry of a final judgment on the entire case or obtains a certification for appeal pursuant to Rule 54(b).

Accordingly,

IT IS ORDERED THAT:

(1)  The motion is granted to the extent that the appeal is dismissed for lack of jurisdiction, subject to reinstatement under the same docket number without the payment of an additional filing fee if, within 60 days of this order, Khan appeals from the entry of a final judgment or obtains a certification for appeal pursuant to Rule 54(b).

(2)  Each side shall bear its own costs.

FOR THE COURT

December 29, 2022                    /s/ Peter R. Marksteiner
        Date                         Peter R. Marksteiner
                                     Clerk of Court


ISSUED AS A MANDATE: December 29, 2022