NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**PHILIPS NORTH AMERICA, LLC,**
*Plaintiff-Appellant*

**v.**

**FITBIT LLC,**
*Defendant-Appellee*

---

2023-2286

---

Appeal from the United States District Court for the District of Massachusetts in No. 1:19-cv-11586-FDS, Chief Judge F. Dennis Saylor, IV.

---

**ON MOTION**

---

Before PROST, HUGHES, and STOLL, *Circuit Judges*.

PER CURIAM.

### O R D E R

Fitbit LLC moves to dismiss this appeal as premature. Philips North America, LLC ("Philips") moves for an extension of time to respond to Fitbit's motion based on Philips' motion in the district court for entry of final judgment. The district court has since denied that motion without

prejudice, concluding that "it appears that [the court] is without jurisdiction to grant the relief requested." Dkt. No. 432.

Philips sued Fitbit for patent infringement of U.S. Patent Nos. 6,013,007 (the "'007 patent"); 7,088,233 (the "'233 patent"); and 8,277,377 (the "'377 patent"). The district court concluded that the asserted claims in the '007 patent were indefinite, Dkt. No. 212, and the asserted claims of the '377 patent were invalid, Dkt. No. 401. The district court stayed proceedings as to the '233 patent based on the Patent Trial and Appeal Board ("PTAB")'s finding that the claims were unpatentable. Dkt. No. 386. This court has since affirmed the PTAB's decision, *Philips N. Am., LLC v. Fitbit LLC*, Nos. 2022-1223 et al., 2023 WL 2808489 (Fed. Cir. Apr. 6, 2023), but the district court has not yet issued an order lifting the stay or otherwise resolving the claims.

In general, we only have jurisdiction after a "final decision" from the district court. *See* 28 U.S.C. § 1295(a)(1); *Atlas IP, LLC v. Medtronic, Inc.*, 809 F.3d 599, 604 (Fed. Cir. 2015). A "final decision" is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 233 (1945). "If a case is not fully adjudicated as to all claims for all parties and there is no express determination that there is no just reason for delay or express direction for entry of judgment as to fewer than all of the parties or claims, there is no 'final decision' under 28 U.S.C. § 1295(a)(1) and therefore no jurisdiction." *Nystrom v. TREX Co., Inc.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003); *see* Fed. R. Civ. P. 54(b). Because the district court has not finally resolved all pending claims, there is no appealable

final decision. *See PureWick Corp. v. Sage Prods., LLC,* Appeal No. 23-1868, ECF No. 13 (Fed. Cir. June 28, 2023).*

Accordingly,

IT IS ORDERED THAT:

(1)  Fitbit's motion is granted, and the appeal is dismissed.

(2)  All other pending motions are denied.

(3)  Each party shall bear its own costs.

FOR THE COURT

December 18, 2023
    Date

Jarrett B. Perlow
Clerk of Court

cc:  United States District Court for the District of Massachusetts

ISSUED AS A MANDATE: December 18, 2023

---

\*    We acknowledge that Philips has not yet responded to Fitbit's motion to dismiss, but Philips has sought extensions to respond to this motion while seeking entry of final judgment before the district court.  Given our disposition of this appeal, the district court has jurisdiction to review any renewed motion for entry of final judgment.