NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**INHALE, INC.,**
*Plaintiff-Appellant*

**v.**

**GRAVITRON, LLC,**
*Defendant-Appellee*

---

2025-1259

---

Appeal from the United States District Court for the Western District of Texas in No. 1:18-cv-00762-ADA, Judge Alan D. Albright.

---

**ON MOTION**

---

Before LOURIE, MAYER, and DYK, *Circuit Judges*.

DYK, *Circuit Judge*.

**O R D E R**

Gravitron, LLC moves to dismiss this appeal for lack of jurisdiction. Inhale, Inc. opposes. Gravitron replies.

Inhale filed this infringement suit, and Gravitron asserted counterclaims seeking declaratory judgment of non-infringement and invalidity. The district court granted

Gravitron's motion for summary judgment on non-infringement but denied its motion for summary judgment of invalidity as "moot."  After denial of reconsideration, Inhale filed this appeal.  Gravitron asserts we lack jurisdiction because there is no appealable judgment.

In general, this court only has jurisdiction over a "final decision" of a district court.  28 U.S.C. § 1295(a).  We are not persuaded that the district court's denial of Gravitron's motion for summary judgment on its invalidity counterclaims as moot, without dismissing those claims, was sufficient to give rise to an appealable final judgment.  Because at least Gravitron's invalidity counterclaims remain unadjudicated, there is no final judgment to yet appeal.  *See Nystrom v. Trex Co., Inc.*, 339 F.3d 1347, 1349 (Fed. Cir. 2003) ("[A] judgment that does not dispose of pending counterclaims is not a final judgment." (citation omitted)); *cf. Dupree v. Younger*, 598 U.S. 729, 736 (2023) ("[A] denial of summary judgment is simply a step along the route to final judgment, and so is typically not immediately reviewable on appeal." (cleaned up)).

Accordingly,

IT IS ORDERED THAT:

(1) The motion to dismiss is granted.  The appeal is dismissed for lack of jurisdiction, subject to reinstatement under the same docket number without the payment of an additional filing fee if, within 60 days from the date of entry of this order, Inhale appeals from the entry of an appealable final judgment in the underlying case.

(2)  Each party shall bear its own costs.

(3)  The mandate shall issue forthwith.

FOR THE COURT



May 28, 2025
Date

Jarrett B. Perlow
Clerk of Court