NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**TESCO CORPORATION,**
*Plaintiff-Appellant,*

**v.**

**NATIONAL OILWELL VARCO, LP,**
*Defendant-Appellee,*

AND

**OFFSHORE ENERGY SERVICES, INC.,**
*Defendant-Appellee,*

AND

**FRANK'S CASING CREW AND RENTAL TOOLS, INC.,**
*Defendant-Cross Appellant.*

---

2013-1155, -1262

---

Appeals from the United States District Court for the Southern District of Texas in No. 08-CV-2531, Judge Keith P. Ellison.

---

**ON MOTION**

---

Before DYK, MOORE, and TARANTO, *Circuit Judges*.

DYK, *Circuit Judge*.

# O R D E R

National Oilwell Varco, LP (NOV), Offshore Energy Services, Inc. (OES), and Frank's Casing Crew and Rental Tools, Inc. (Frank's) (collectively Appellees) move to dismiss for lack of jurisdiction. Tesco Corporation (Tesco) opposes. The United States District Court for the Southern District of Texas submits a letter.

Tesco, the owner of the two patents at issue, brought suit against Appellees for infringement of the patents. A jury found the claims of one of the patents valid and the claims of the other patent invalid. Because of internal inconsistencies in the jury verdict, and because of concern that Tesco had not produced all of the discovery requested at trial, the district court authorized limited additional discovery. After engaging in the limited post-trial discovery, the parties filed numerous post-trial motions.

The district court granted Frank's post-trial motion for summary judgment on obviousness and NOV and OES's motion for summary judgment of patent invalidity. The district court also denied as moot Frank's motion for entry of judgment of inequitable conduct, Frank's revised sealed motion for judgment of inequitable conduct, and Appellee's motion for reconsideration of the court's denial of Appellee's post-trial motions for summary judgment. The district court has indicated that some of these actions may be reconsidered. Frank's motion for attorney's fees was also denied. Tesco appealed the order and Frank's subsequently filed a cross-appeal from the same order in case no. 2013-1262.

Appellees contend that the order is non-final and not appealable because: (1) their affirmative defenses and declaratory judgment claims of unenforceability and

3        TESCO CORPORATION v. NATIONAL OILWELL VARCO, L.P.

attorneys' fees are unresolved; (2) there was no final judgment from the district court; and (3) the district court has yet to rule on outstanding motions. Tesco argues that the order is final and appealable because "the facts demonstrate that the district court intended to end the case."

We agree with Appellees that the appeal is premature and that Tesco has made no showing that it is appealable. Because there are pending claims, there is no final judgment and this appeal is premature. *See Nystrom v. TREX Co.*, 339 F.3d 1347, 1350 (Fed. Cir. 2003) ("If a case is not fully adjudicated as to all claims for all parties and there is no express determination that there is no just reason for delay or express direction for entry of judgment as to fewer than all of the parties or claims, there is no final decision . . . and therefore no jurisdiction"). As the cross-appeal in case no. 2013-1262 is from the same non-appealable, non-final order, dismissal of that appeal is also warranted.

Accordingly,

IT IS ORDERED THAT:

(1)  Appellees' motion to dismiss is granted. The appeals are dismissed.

(2)  All other pending motions are denied as moot.

(3)  Each side shall bear its own costs.

FOR THE COURT

/s/  Daniel E. O'Toole
Daniel E. O'Toole
Clerk

s26

ISSUED AS A MANDATE: October 3, 2013